NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0375n.06

No. 10-4563

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 15, 2013**
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff - Appellee, ) | |
| ) | On Appeal from the United |
| v. ) | States District Court for the |
| ) | Southern District of Ohio |
| CLARENCE REMBLE, ) | |
| ) | |
| Defendant - Appellant. ) | |

Before: MOORE and SILER, Circuit Judges; and VAN TATENHOVE, District Judge.[*]

**VAN TATENHOVE**, District Judge. Clarence Remble was convicted by a jury of several federal drug crimes. After sentencing, Remble appealed his conviction. The Sixth Circuit upheld his conviction, but remanded for resentencing. Remble was again sentenced to the same length of incarceration, and this appeal followed. For the reasons set forth below, the district court's decision will be AFFIRMED.

I.

Remble was sentenced to life imprisonment after a jury found him guilty of conspiracy to possess with intent to distribute in excess of 50 grams of methamphetamine, in excess of 50 grams of crack cocaine, in excess of 500 grams of cocaine, and an amount of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). *United States v. Anderson*, 333 F.App'x 17, 20-21 (6th Cir.

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 10-4563, *United States v. Remble*

2009). Remble appealed his conviction, and it was affirmed, but in light of the Supreme Court's decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261 (2009), it was vacated and remanded to the district court for resentencing. *Anderson*, 333 F.App'x at 21-28.[1]

Prior to resentencing, Remble filed a sentencing memorandum in which he argued that a 1:1 crack-to-powder ratio should be applied and that his guideline range should be 360 months to life. Remble's counsel repeated those arguments at the actual resentencing hearing, while the government again argued for imposition of the life sentence. Before stating Remble's sentence, the court offered thoughts on whether any mitigating factors favored a reduced sentence for Remble. The court explained that "[t]here's essentially nothing about [] Remble which is mitigating," and also concluded despite "not find[ing] any specific authority on this point" that it could "not consider any new, post-sentencing information." The court also decided against applying the 1:1 crack-to-powder ratio. Rather, it applied the 100:1 ratio that existed at the time of the initial sentencing. Further, the court declined to vary downward to the 360-month sentence requested by Remble, and ultimately

---

[1] *Spears* and *Kimbrough* stand for the proposition that a district court may vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines. *Kimbrough*, 552 U.S. at 115 (the Court holding "that sentencing courts are free to reject the Sentencing Guidelines' 100-to-1 crack-to-powder ratio."); *Spears*, 555 U.S. at 265-266 (where this Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines."). At the time of Remble's sentencing, the district court did not have the benefit of that authority, *Anderson*, 333 F.App'x at 26, and we were unable to "determine from the record before us whether the district judge would have imposed the same sentence had she known that she had discretion to vary categorically from the crack-cocaine guidelines based on policy disagreement." *Id.* at 26. Our inability to draw this conclusion based on the record before us, made resentencing appropriate.

2

No. 10-4563, *United States v. Remble*

reimposed the life sentence explaining that although it was a "severe sentence, it is warranted under the circumstances of the case." Consequently, this appeal followed.

## II.

### A.

The issues raised by Remble on appeal were not raised at the resentencing, therefore plain error analysis is appropriate in deciding them. District courts are required "after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). A failure to object to an error at sentencing forfeits any challenge to sentencing on appeal. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir. 1998). We may, however, find plain error when reviewing an issue raised for the first time on appeal if the error is clear or obvious, and it affects substantial rights. *See, e.g., United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996). Under plain error review, the party claiming error must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (citing *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Here, after the district court announced Remble's sentence, the court asked both parties whether they had any "comments, objections, suggestions" to the sentence imposed. Defense counsel remarked that she had "no comments or suggestions" but requested that their objection, to the length of the sentence, be noted for the record. Upon hearing defense counsel's comment, the

3

No. 10-4563, *United States v. Remble*

court asked whether there were "[a]ny more specific objections," to which defense counsel responded "[n]o, ma'am." Because neither of the issues raised on appeal was objected to at the end of the sentencing, plain error review is appropriate.

**B.**

**1.**

Neither party argues that error ultimately did not occur here. During resentencing, the district court remarked that it could not consider Remble's post sentence conduct. However, *Pepper v. United States*, 131 S.Ct. 1229 (2011), decided after Remble was sentenced, reached a contrary result, holding that post-sentencing information could in fact be considered on resentencing. 131 S.Ct. at 1241-42.

Given the existence of error, the Court must next determine whether error was clear or unclear at the time of resentencing. The Supreme Court has explained that "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal . . . it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997). Remble asserts that *United States v. Worley*, 453 F.3d 706, 707 (6th Cir. 2006), and *United States v. Gapinski*, 561 F.3d 467, 475 (6th Cir. 2009), clearly prohibited the district court from considering any post-sentencing information prior to the *Pepper* decision.

Those cases are distinguishable from this one because both were remanded in light of *United States v. Booker*, 543 U.S. 220 (2005), which rendered the sentencing Guidelines advisory. *Worley*, 453 F.3d at 707 (holding that a *Booker* remand did not permit consideration of a defendant's rehabilitative efforts subsequent to the original sentencing); *Gapinski*, 561 F.3d at 471 (explaining

4

No. 10-4563, *United States v. Remble*

that the Court vacated Gapinski's sentence and remanded to the district court for resentencing "'in accordance with *Booker* and its progeny, and in light of any other relevant factors.'"). Remble's case, on the other hand was remanded in light of *Kimbrough* and *Spears*. 333 F.App'x at 26, 28.

In *United States v. Butler*, 443 F.App'x 147, 152 (6th Cir. 2011), we addressed this very issue. We made clear that we had "never held that district courts resentencing on remand under *Kimbrough* – or any basis other than *Booker* – may not consider post-sentence conduct during resentencing." *Id.* at 152. Remble does not believe *Butler* is applicable here. He claims that in that decision post-sentence conduct was not raised "in the defendant's sentencing memorandum or at sentencing," but instead was raised in the presentence investigation report. Remble also asserts that the district court in *Butler* did not remark that it was prohibited from considering post-sentencing information.

Remble proffers another case as more analogous, *United States v. Schray*, 383 F.3d 430, (6th Cir. 2004). There, the district court asserted that it lacked the authority to sentence the defendant to a term of imprisonment less than the statutory minimum, 120 months, but higher than what was mandated by the federal sentencing guidelines, 63 to 78 months. *Id.* at 433. The *Schray* court found that the district court's "understanding of the law was contrary to *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002)," where it had been "held that it was permissible for the district court to sentence the defendant to anything beneath the statutory minimum; the term can exceed the guidelines range." *Id.* (citing 306 F.3d at 332). Because of this misunderstanding, the *Schray* court vacated and remanded the matter for resentencing. *Id.* at 433-35.

5

No. 10-4563, *United States v. Remble*

The facts in *Schray* are distinguishable from the circumstances presented here. In *Schray*, the law was settled prior to the district court's error, whereas here there was no clear law prohibiting the district court from considering post-sentence conduct at the time of Remble's resentencing. Furthermore, the method by which the post-sentence conduct is communicated is not relevant to the analysis. Whether the information is communicated in a presentence investigation report or during a sentencing hearing is inconsequential to determining whether clearly established law prohibited review of post sentence conduct in the *Kimbrough-Spears* context. Moreover, the district court's assertion that it could not consider such information has no bearing on whether the law in this circuit clearly prohibited considering it.

*Butler* teaches that in the *Kimbrough-Spears* context this circuit had never prohibited a district court from considering post-sentence conduct. We simply had not had the occasion to hold the review of post-sentencing conduct appropriate.

2.

Drawing this conclusion does not end the analysis. Neither the Supreme Court nor this Court has instructed on how to measure error when the law is unclear at the time of trial court proceedings. *United States v. Olano*, 507 U.S. 725, 734 (1993) (the Supreme Court chose not to address "the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified.")

There is a split in the circuits as to the appropriate way to approach this matter. The Fifth, Ninth, and D.C. Circuits have held that *Johnson* provides a narrow exception to a generally broad rule that error is plain only if it was clear at the time of the district court's ruling. *United States v.*

No. 10-4563, *United States v. Remble*

*Henderson*, 646 F.3d 223, 225 (5th Cir. 2011); *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997); *United States v. Mouling*, 557 F.3d 658, 663-64 (D.C. Cir. 2009), *cert. denied*, S. Ct. 795 (2009). Under this approach Remble would be without hope because the error was not clear at the time of resentencing.

The Seventh, Tenth, and Eleventh Circuits have ruled that plain error is measured at the time of appeal regardless of whether the law was settled at the time of trial. *United States v. Ross*, 77 F.3d 1525, 1539-40 (7th Cir. 1996); *United States v. Cordery*, 656 F.3d 1103, 1107 (10th Cir. 2011); *United States v. Smith*, 402 F.3d 1303, 1315 n. 7 (11th Cir. 2005), *vacated on other grounds by* 545 U.S. 1125 (2005). The Eleventh Circuit explained "'that this approach has the advantage of avoiding the necessity of distinguishing between cases in which 'the law at the time of trial was settled and clearly contrary to the law at the time of appeal' on the one hand and cases in which it was merely 'unsettled' on the other.'" *Cordery*, 656 F.3d at 1107 (quoting *Smith*, 402 F.3d at 1315).

The Seventh Circuit, in *Ross*, explaining the importance of plain error review, opined that "the stringent requirements of plain error review [] must not be viewed as a yardstick for measuring the magnitude of the district court's mistake..." 77 F.3d at 1539. Given the purpose of plain error review, the court concluded that irrespective of whether the matter is settled "at the time of trial or merely at the time of appeal," an obvious and plain error "is one that is clear and uncontroverted at the time of appeal." *Id.* We adopt this approach, and conclude that in light of the Supreme Court's holding in *Pepper*, the district court's error is now clear. Hence, Remble has established the second prong of the standard.

7

No. 10-4563, *United States v. Remble*

### 3.

Notwithstanding that error is clear, Remble's substantial rights were not affected. "Generally, an error does not affect substantial rights unless it is prejudicial-in other words, the error 'must have affected the outcome of the district court proceedings.'" *United States v. Davis*, 514 F.3d 596, 615 (6th Cir. 2008) (quoting *Olano*, 507 U.S. at 734). The defendant has the burden of proving that the error was prejudicial. *Olano*, 507 U.S. at 734.

Mr. Remble asserts that in the "interests of fundamental fairness, resentencing is appropriate to allow the district court to consider *all* relevant information as Congress indicated in 18 U.S.C. § 3661." Remble concedes that "no specific post-sentencing information was offered at resentencing," but justifies the lack of proffered material by noting that "this Circuit's cases clearly prohibited such information." In light of the ruling in *Butler*, this rationale is faulty. As already noted, this circuit's cases did not clearly prohibit such information from being submitted and considered. The district court's conclusion simply turned out to be wrong.

Nevertheless, Remble asserts that "one significant post-sentencing fact" exists in the form of a memorandum issued on July 15, 2011, by Attorney General Eric H. Holder, Jr., advising all federal prosecutors to apply the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, to all persons sentenced after August 3, 2010. Despite its existence, it was not proffered to the district court. Although Remble concedes this point, he hedges by explaining that "[a]rguably, however, none was offered because it would not have been allowed." Remble posits that *Gapinski* and *Worley* "likely chilled [] Remble's ability to submit new information." [*Id.* at 15.]

8

No. 10-4563, *United States v. Remble*

Careful review of those cases would have revealed that post-sentence information was only clearly prohibited in the context of a *Booker* remand. *Gapinski*, 561 F.3d at 471; *Worley*, 453 F.3d at 707; *see also Butler*, 443 F.App'x at 152 (the court explaining that it had "never held that district courts resentencing on remand under *Kimbrough* – or any basis other than *Booker* – may not consider post-sentence conduct during resentencing."). Further, there is no evidence by Remble that the memorandum would have affected the outcome of his resentencing. Instead, Remble argues that the Department of Justice's change in policy "should have be[en] considered by the district court in determining the appropriate sentence to impose." Remble does not, however, cite to any authority which mandates that a district judge consider internal memoranda written by the United States Department of Justice. Thus, there is no argument persuasive enough to warrant finding that the district court's error was prejudicial.

C.

The second issue raised by Remble is whether the district court's decision not to vary on the basis of the crack-to-powder ratio was plain error. Given the change of law after resentencing, error has been established. During resentencing, Remble argued that the district court should apply a 1:1 crack-to-powder ratio in deciding his sentence. He considered the ratio appropriate because he perceived that the 18:1 ratio had a discriminatory impact on African Americans. Relying on *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010), the district court explained that the Fair Sentencing Act of 2010 could not be applied retroactively to Remble. Recently, however, the Supreme Court has held that the FSA's mandatory minimum sentences, and the reduced disparity between crack and powder cocaine, apply to defendants committing offenses prior to its effective

9

No. 10-4563, *United States v. Remble*

date, August 3, 2010. *Dorsey v. United States,* 132 S. Ct. 2321, 2326 (2012). The new standards apply to Remble because he committed his offenses prior to, but was sentenced after, the August 3, 2010 enactment date. *See Anderson*, 333 F.App'x at 20-21. Under these standards, the crack-to-powder ratio was reduced to 18:1.

Notably, because Remble is subject to these new standards, the government raised concern during oral argument that an *Apprendi v. New Jersey*, 530 U.S. 466 (2000), error may have occurred given these new thresholds. The *Apprendi* court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Here, the jury that convicted Remble returned a special verdict finding that he had conspired to possess and distribute in excess of 50 grams of crack cocaine. *See also Anderson*, 333 F.App'x at 20-21. At the time of his trial, 21 U.S.C. § 841(b)(1)(A) provided that an offense involving more than 50 grams of crack subjected Remble to prison term of not less than 10 years to life imprisonment. Under the new standards, the crack cocaine threshold triggering the 10 years to life sentence is 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii). The special findings made by the jury did not trigger the higher crack cocaine threshold. Therefore, the concern is that Remble was convicted and subjected to an increased penalty of imprisonment without the government having proven beyond a reasonable doubt that he possessed the requisite amount of cocaine.

This concern, however, is allayed because of the jury's finding as to the amount of methamphetamine Remble possessed. Although the jury did not find that Remble possessed and distributed more than 280 grams of crack cocaine, they did find that Remble had conspired to possess and distribute more than 50 grams of methamphetamine. *Anderson*, 333 F.App'x, at 20. The

10

No. 10-4563, *United States v. Remble*

threshold for methamphetamine possession did not change under the new rules, and still carries with it an automatic prison sentence of at least 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A). Based on this finding, the district court's imposition of a life sentence was appropriate as it pertains to the *Apprendi* issue.

Still, error has been established as it relates to application of the new standards to Remble. Nevertheless, Remble has not shown how the district court's decision to apply the 100:1 ratio affected his substantial rights. District courts are generally granted discretion to consider the crack-to-powder cocaine disparity in determining an appropriate sentence for a career offender. *See United States v. Michael*, 576 F.3d 323, 327-28 (6th Cir. 2009). Remble alleges that "[b]y abdicating its authority and failing to exercise its discretion, the district court's decision was procedurally unreasonable." He also asserts that this case is analogous to *Gapinski*. Gapinski, in a sentencing memorandum, argued for a downward departure and a variance from the sentencing guidelines. *Gapinski*, 561 F.3d at 474. The district court rejected his arguments, but we were not satisfied "that the district court adequately considered Gapinski's argument for a lower sentence based upon his substantial assistance to the government." *Id.* at 474-75. "The record . . . [did] not show that the district court ever considered or explained its reasons for rejecting Gapinski's argument for a lower sentence based on [] substantial additional cooperation." *Id.* at 475. The sentence was vacated and the matter was remanded for resentencing because of the lack of consideration given to Gapinski's argument. *Id.* at 478.

*Gapinski*, however, is distinguishable. There, the district court did not fulfill its responsibility under the *Bostic* rule, so the issue was reviewed under a procedural reasonableness

11

No. 10-4563, *United States v. Remble*

standard. *Id.* at 473-74. Moreover, the record did not make clear that the district court listened to Gapinski's argument for a lower sentence. Ultimately, we held that there was not enough information to "say that the district court 'set forth enough to satisfy [us] that he ha[d] considered the parties arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* at 476 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Here, the record paints a far different picture. The district court was fully "aware" of the discussion surrounding the propriety of the 100:1 ratio disparity between crack and powder cocaine sentences. Despite the district court's incorrectly concluding that it was unable to apply the FSA retroactively, that did not affect the outcome of the proceeding. The district court would not have rendered a different prison sentence. According to the transcript of the resentencing, the district court noted that even accounting for the new ratio, Remble's "recommended sentence, or sentencing range, would still be life in prison." The court also noted "treating crack cocaine the same as powder cocaine . . . produces a Guidelines range in which life imprisonment is [still] a possible sentence." [*Id.*] Due consideration was given to the 1:1 ratio, but based on the district court's findings, changing the ratio would not have changed the outcome for Remble.

### III.

Because neither of the district court's errors affected substantial rights, resentencing is unnecessary. Accordingly, Remble's sentence is **AFFIRMED**.

12

No. 10-4563, *United States v. Remble*

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I agree with the majority's conclusion, but write separately to explain how I reach that result. I therefore join in the judgment affirming Remble's sentence for the reasons that follow.

Remble first argues that the district court committed plain error when it stated that "it may not consider any new, post-sentencing information in these proceedings." R. 777 (Resentencing Tr. at 14:4–5) (Page ID #4515). Under plain-error review, we must evaluate whether "(1) there is an error, (2) the error is plain, . . . (3) the error affects substantial rights[, and (4)] . . . the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Henderson v. United States*, 133 S. Ct. 1121, 1126–27 (2013) (internal quotation marks and alterations omitted). Concerning the first requirement, the Supreme Court's decision in *Pepper v. United States*, 131 S. Ct. 1229 (2011), makes clear that the district court's statement was error: "We hold that when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation." *Id.* at 1236. Moreover, even though *Pepper* was decided after the resentencing hearing, the second requirement is satisfied, as the Supreme Court recently established in *Henderson* that "as long as the error was plain as of . . . the time of appellate review[,] the error is 'plain' within the meaning of the [four-part standard]." 133 S. Ct. at 1124–25.

Remble's argument fails, however, under the third requirement—that the error must affect his substantial rights—as Remble has failed to proffer any evidence of postsentencing rehabilitation or conduct. The memorandum presented by Remble on appeal does not fall within the ambit of rehabilitation or conduct; rather, it depicts the evolving position of the Department of Justice vis-a-

13

No. 10-4563, *United States v. Remble*

vis the Fair Sentencing Act. While this letter may provide support for Remble's argument that the district court should apply a lower powder-to-crack cocaine ratio, it does not constitute evidence of postsentencing rehabilitation or conduct. Because Remble has failed to provide any postsentencing rehabilitation or conduct that would support a lower sentence, his substantial rights have not been affected.

Remble's second argument addresses the 100:1 powder-to-crack cocaine ratio applied by the district court during Remble's resentencing. Specifically, he contends that the district court erred by failing to use its discretion to apply a 1:1 powder-to-crack cocaine ratio in calculating his sentence. Appellant Br. at 10. If the district court had acted within its discretion in this manner, Remble argues, his Guidelines range would have been 360 months to life imprisonment instead of life imprisonment. *Id.* In light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012), it is clear that the district court should have applied the 18:1 powder-to-crack cocaine ratio established in the Fair Sentencing Act at his resentencing hearing. *Id.* at 2326. However, because the district court attributed 15 kilograms of crack cocaine to Remble in the initial sentencing, which we affirmed on direct appeal, *United States v. Anderson*, 333 F. App'x 17, 25–26 (6th Cir. 2009), the advisory sentence would remain life imprisonment under the Guidelines. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 (2012). I would therefore affirm on this ground.

Additionally, I cannot agree with Remble's argument that the district court erred by declining to use its discretion to apply a 1:1 powder-to-crack cocaine ratio. Although a district court may exercise its discretion to vary a defendant's sentence based solely on policy disagreements, it is not required to do so in any given case. *Spears v. United States*, 555 U.S. 261, 264 (2009); *Kimbrough*

14

No. 10-4563, *United States v. Remble*

*v. United States*, 552 U.S. 85, 91 (2007). The district court addressed Remble's argument that a 1:1 powder-to-crack cocaine ratio should apply, which is all that is required. *United States v. Gapinski*, 561 F.3d 467 (6th Cir. 2009).

Finally, although "the Fair Sentencing Act increased the amount of crack cocaine necessary to subject Mr. Remble to a statutory sentencing range of 10 years to life to 280 grams," Appellant Supp. Br. at 7, both parties agree that Remble's sentence does not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because "[t]he statutory maximum sentence applicable to Clarence Remble was life imprisonment based on the jury finding that he was responsible for more than 50 grams of methamphetamine." Appellant Supp. Br. at 6; *see also* 21 U.S.C. § 841(b)(1)(A).

I would therefore affirm the judgment of the district court sentencing Remble to life imprisonment.