UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT oF OHIO
WESTERN DIVISION

CLARENCE REMBLE )
    (defendant) )
)    Criminal.Case # Cr-1-05-113
)
Vs. )    MOTION FOR 'RE-OPENING'(Final Judgement)
)    Fed.r.Civil.P 60(b)(5);59(e)
UNITED STATES oF AMERICA )    [INTERVENING CHANGE IN LAW]
    (Respondant) )    (Memorandum in Support;Fed.R.cr.p 41(G))
)

## MOTION

The movant[above] Now,Comes before this court to ask 'Re-Opening of A Final judgement;Under jurisdiction fed.R.CIV.p 60(b)(5);59(e) also see: fed.r.cr.p 41(g)...citing
GONZALEZ v. CROSBY,545 U.S. 524 [" A case addressing whether a change in law constituted an extraordinary circumstances under rule 60(b);And noting it was **"ANALOGOUS"** ]

Movant,purports [Honeycutt,II] provides this court,authorization to relieve from the final judgement(s) [Money/property]

"It is based on an earlier judgement,that has been reversed or vacted;Or applying it prosepectively is no longer equitable" Fed.R.Civ.p(60)(b)(5)

Also see: subsection (6) Authorizes the court to relive a party from a final judgement for "Any other reason that justifies relief" id.

## HONEYCUTT,II

Within the meaning of Rule 59(e), "Factor's an intervening change in law" Is A reconsideration 'FACT';Since it explicitly overruled the controlling law (eg.,And is not a revisit to issues already breifed;Addressed... Movant only advances an argument,He could not previously raise;Since Stare'Desis forclosed him)

Under rule 60(b)(5) a court should "Take all the circumstances into account in determining whether;To modify or vacate A prior judgement" id.

## JOINT AND SEVERAL DOCTRINE

"The government bears the burden of proving forfeiture,by a preponderance of the evidence"
UNITED STATES vs. EVERS,669 f.3d 645,660(6th cir 2012)

However,"The government is not required to prove the specific portion of proceeds,For which each defendant is responsible"
UNITED STATES vs. CORRADO,227 f.3d 543,553 (6th cir 2000)
Rather,The sentencing court must,Hold each conspirator jointly and severally liable these proceeds **HONEYCUTT**,I 816 f.3d 362,378-80(6th cir 2016) also UNITED STATES vs. LOGAN,542 f.appx. 484,498-99(6th cir 2013) Whith joint and several liability,The amount of proceeds attributal to a defend -ant is limited to those proceeds reasonably foreseeable,to that defendant [id.at499] UNITED STATES vs. VAN NGUYEN, 602 f.3d 886,904 (8th cir 2010) Concluding that under 853,(a) a defendant "May be held jointly and severally liable for all of the

Foreseeable proceeds of the conspiracy"---
"Given that we are precedentially bound by our own reasoning as laid down in the rico forfeiture context" see: McHAN, 101 f.3d at 1042

(" WE GENERALLY construe the drug and rico forfeiture stautes similarly" )

In UNITED STATES vs. CORRADO, 227 f.3d 543 (6th cir 2000) We determined that "Conspirators in a rico enterprise should be held jointly and severally liable for any proceeds of the conspriacy" id.at 553

[ HONEYCUTT,I ...Echoing the rationale of sister circuits that had so concluded;We held that "The government is not required to prove the specific portion of proceeds for each defendant is responsiple"--Such a requirement would allow defendant's 'To' mask the allocation of the proceeds to avoid forfeiting them altogether" id.
(qouting UNITED STATES vs. SIMMONS,154 f.3d 765,769-70(8th cir 1998)(qouting UNITED STATES VS.CAPORALE,806 f.2d 1487,1508(11th cir 1986)

Although CORRADO, Did not specifically concern 853,The relevant language, and structure of the two (2) statute's forfeiture provision(s) are virtually identicle;Both contain the madatory ' "SHALL-FORFEIT" ' phrasing compare 853,(A),(a)(1),(O);With 18 U.S.C 1963,(a),(a)(3) and 18 U.S.C 3731--We find that our holding and ratiuonale in CORRADO, carries equal weight in the 853, context. ]

## IRRECONCILABLE

The combonation CORRADO/HONEYCUTT,I decisions that doctrinated ahd bound the sixth circuit's rationale in allowing the [above] as precedential law;To extend the 'Phrasing' "Shall Forfeit" as text congressionally proscirbed...To actually subsume [846] Liability...Was explictly rejected by the High court's unanimous opinion HONEYCUTT,Vs UNITED STATES,(No. 16-142)(S.CT june 5,2017) A case concerning 853(a),"Reversing,Vacating [Honeycut,I] or applying it prospectively is no longer equitable" id.
Fed.r.Civ.p 60(b)(5)...And is no longer Good law.

## 'RULE'

Genrally,principle's of stare'decisis requires that,"Considerable weight [be given] to prior decisions of this court 'UNLESS';And untill they have been undermined/overruled;By the decisions of a higher court,Or other supervening developements"
SANTOS VS. UNITED STATES,461 f.3d 886,891 (7th cir 2006) also DARRAH vs. CITY OF OAK PARK,255 f.3d 301,309 (6th cir 2001)

Following this law of the circuit doctrine;The supervening authority [HONEYCUTT,II] undermines/overrules [Corrado/Honeycut,I] rationale "Carries equal weight in the [853(a)] context" (eg.,"Joint and several liability doctrine")...If 'Retroactivity'can be satisfied.

## RETROACTIVITY

Under TEAGUE, "Either a 'RULE' is retroactive,or it is not"[HONEYCUTT,II "Concerns how [853(a)] operates;When two or more defendant's,Act as part of a conspiracy;[Specifically] Under 853(A) A defendant may be held 'Jointly and several liable'---The court holds that such liability,Is inconsistent with the statute's text,And strcutre"
opinioned by justice Sotomayor,..."Forfeiture pursuant to 853(A)(1);Is limited to property the defendant,Himself actually acquired as the result of the crime" id. ]

(2)

This 'RULE' does not/cannot reiterate;A procedural function of [853, (a)(1),(P)] But instead "Alters the range of conduct;OR class of persons, The law can punish" **TEAGUE**, id.

Under forfeiture,By seperating conspiracy guilt/conduct entirely ["Such liability is inconsistent with the statute's text" id. **HONEYCUTT**,II]

In fact **WELCH**, made clear that the relevant "CATEGORY" for Retroactivity purpose's is the 'RULE';NOT the kind of case in which it is invoked...

As such the **MONTGOMERY**, "THEORY" [ie, That the decision must open up the range of punishment-To qaulify for **TEAGUE**, retroactive purpose's ] Is clear...

**HONEYCUTT**,II's 'EXPLICIT' rejection of "Joint and several liability Doctrine" Affects,The former precedential value of this circuit's; Reliance as binding;And allows retroactive New Statutory law...Thus 'ANY' prior holdings/Progeny combonation's,Are clearly irreconcilable.

To this court's jurisdiction on the facts of this case;And should be viewed as 'WERE-ORBITAL' dicta,Since they are not/cannot be squarely on point with obstructing this court's authorization,To accepting,and granting on the merits.

"The principle of finality...Is essential to the operation of our criminal justice system"
**UNITED STATES vs. TEAGUE**,489 U.S. 288 at  309

## ARGUMENT

The government sought to proceed, to the Grand jury,trial count one[846] and a special verdict criminal forfeiture [853(a)(1)] (eg,Never substitute asset;to satisfy forfeiture [853(p)])

This indictment contained a forfeiture,That held "Jointly and severally liable" as a 'Element' for the jury to find guilt/innocence,With his co-defendant [count one] for the property/Money judgement(S) see: [infra]

The jury's determinations were based-on this 'ELEMENT';As the government had demonstrated..."Through a preponderance of the evidence standard" [trial trans. attch]

The grand jury/jury trial/sentencing was infected with 'Taint'...Through the government's declaration of this being a 'Element'/'Boiler-plate' recitation of 'Reasonable foreseeable conduct'[count one],Is suffice as to what is congressionally proscribed as text for [853(A)(1),(2)] in lieu of the standard jury instruction's for ["Tainted assets],to find guilt or innocence on. (ie., Directly forfeitable property after (a.) This movant's conviction [846] (b.) grand jury findings of special verdict charge,That include's "Joint and several liablity" (C.) Trial court's determination,That this is a result of movant's acts or omission; Thus satisfying [853(a)(1),(2)...As a matter of law,Simply because of [846] guilt)

Thus after **HONEYCUTT**,II it would be foundamentally inconsistent;With the principles of criminal liability to impose a 'Joint and several liability on [Indirect] Judgement(S) under [853,(a)(1)]...Since the congressionally proscribed 'ELEMENTS';Never went to grand jury/jury trial/ sentencing...  Or to unconstitutionally mandate a seperate subsection; "Shall be liberally construed to effectuate as remdial purposes" [853,(O)] as binding.

Thus this motion is proper,Because it "Seeks to assert an intervening change in law" The recognized bases for alter/amend a judgement under federal rule of civil procedure 59(E).

Any allowance of 'Joint and several liability' is att odds with holding the government to it's preponderance of the evidence standard;This starts,and ends with the cogressionally proscribed text/structure [853(a)] "Tainted property",Is a 'Element' of the crime--Thus submitted to a jury to be found "Beyond a reasonable doubt"[Inre Winship,]...(Or chance overriding 400 years of federalism,That is based on the constitution)

As such there is insufficient evidence;That movant acquired "Tainted-Property"[853(a)(1),(2)];And sufficient evidence,that the grand jury/jury trial/sentencing;Did not recieve all the 'Elements' as the sixth amendment 'Notice requirement'advances/as well as the denial of Due process under the fifth amendment;To present [853] "Exceptions" (ie., (d)"Rebuttable presumptions"(1),(2);(e)(1)(b) "Protective orders/limitations"; 853(n)(6) "Third party rights" )

This intervening change in law has been made;And that a failure,To grant this motion would result in a manifest injustice to him...

The purpose of rule 60(b)(5);59(e) is to allow the court authorization, To correct a fundamental error;Sparring parties,And appellate court, The burden of unneccessary appellate proceedings.

(MEMORANDUM ON SUPPORT OF LAW)

STANARD OF LAW

Since 1944,Rule 41 of the federal criminal procedure has provided an avenue for individuals seeking return of seized property: See: also DeALMEIDA vs. UNITED STATES,459 f.3d 377,380 N.2 (2nd cir 2006)

[Noting that redisgnating,The provision from (E) to (G) did not involve substantive 'ANY' change]

'RULE',41(G)

[FED.R.CRIM.P ]

Provides that "A person aggreived by an unlawful search and seizure of property or by deprivation of property may move for the property's return" id.
["The court must recieve evidence on any factual issue neccessary to decide the motion"id.--- Providing return of property in possession of the government(Not allowing for damages)]

This movant avers,The 'Intervening change of law' constitutes the factual issue;To resolve the aggreive search and seizure;Caused by the "Joint and several liability" unlawful conviction...

FACTS AND PROCEDURAL HISTORY

Movant was convicted in the above case.NO also see[Dkt 414] special verdict regarding forfeiture 853(a)/Conspriacy count one [dkt 609] pronounced sentencing/forfeiture due to "Joint and several liability" for judgement(S) property/money [Assessor's parcel 6162-010-054;Bank accounts/person exhibits B,(1-3) amount 17,411]...

(4)

## NoN- FORFEITED/CONTRABAND

[The government has the burden of demonstrating that it has a legitimate reason to retain the money/property judgement(s) ]

Since minus the "Joint and several liability" [Element] subsumed with [count one 846] the government:
(a.) Cannot demonstrate A legit reason to retain said judgements
(B.) No longer needs the judgement(S) as evidence

This court has jurisdiction/Duty to return these illegally siezed/ Contested judgement(S);Since the government did not proffer at grand jury/ Trial/sentencing;A evidentiary need for either judgement(S).

Thus 'NO' "Legitimate Reason"/Second bite at the apple;To demonstrate A Met burden...That has been 'Foundamentally undermined' to now claim as satisfied;By the preponderance of the evidence standard,To be subjected to forfeiture.

There is no doubt the 'Conviction' is final;His case is not pending,And this [846] guilt,Does not conclude [853(a),(P)] guilt any longer as a crime with subsumed 'Elements'...Therefore, the illegal guilt [853] as forfeited judgement(s)...Should be out of the reach of the federal government,Since it only qaulified as NoN-Forfirfeted/Contraband (Minus 'Joint and several liability' [Element])...The government 'Must' be obligated,To return property in it's possession or control;That it has no legitmate reason to retain--Now that the convitction is final.

Since the high court's 'Substantial' pronouncement makes constitutionally clear---None exist now;None existed then.
"FIORE vs. WHITE,"To convict a defendant of a wrongly interpreted statute denies a defendant due process" id.

## THE APPLICABLE STANDARD

During grand jury/jury trial/sentencing;It was well documented/established that the 'Substantial activities' the government advanced as a 'Element' of the crime "Joint and several liability doctrine",Is only found inside the congressionally proscribed [846] count one, and Not [853(a),(1-2);(P)] that the doctrine allowed to subsume.
See:Attch [trans.pg 3 L 20-22 "The defendant obtained or derived property from the commission of the offense charged (count one)" id.

This doctrine,That 'Bound' 846, conviction to [853] text,Was contrary to several other provisions of 853,'Limitaions' (thus,prejudicing this movant) see: subsection's (d) "Rebuttable presumption;(C)"foreseeable actions";(P)"Rem Forfeiture"...

Thus allowing the government a windfull of circumventing precondition(S) that do exist,As congressionally proscribed...
Also see: [Trans.pg.5 L 12-15 "Preponderance of the evidence-Simply means an amount of evidence to persuade,that a claim or contention is more likely true that not" id.]

Since the grand jury/jury trial/sentencing;Were not abreast of what congress defined as 'ALL' 'elements' of the crime,This movant was denied sixth amendment protections;That include 'A notice requirement' and 'Due-process' under the fifth amendment...of every 'Element' of every crime [Inre Winship]
[21 U.S.C 853,(a) "Limits forfeiture to property flowing from(a)(1) or used in (a)(2) THE CRIME ITSELF" ]

The highest court; REJECTED, This circuit's reliance to obtain unconstitutional guilt,[this movant] by crime's subsuming elements of other crimes;Contenance 'Joint and several liabilty;Which used to require forfeiture of untainted property---Or allowed the governemnt access;To not proving this 'Element' beyound a reasonable doubt [853]

"This case requires determination whether this form of '<u>liability</u>'is permitted under <u>853</u>,(a)(1)---<u>The court holds that it is not</u>" [ <u>HONEYCUTT</u>,II]

(ALTERNATIVELY )

uTHIRD PARTY INAPPLICABLE

Title 21 U.S.C <u>853</u>,(P) provides that if,"As a result of any act or ommission of the defendant any property [A-E] "

[Rule 32.2(e)(1) of the Fed.R.CR.P further provides that on the governments motion,The court may at any time enter an order of forfeiture to include property that:
(b.) Is substitute property that qaulifies for forfeiture under an applicable statute].

Here,The government,Has not/Cannot proven by a preponderance of the evidence,Has done anything:Or has failed to do anything,That would make the proceeds [Exhibit B(1-3);or property] from the [846 count one] that made unavailable for forfeiture,That would satisfy <u>853(P)(1)(B)</u>...

Since the 'Element' was not proffered to the grand jury/jury trial/sentencing

["Transfered or sold to,Or deposited with a third party" drug proceeds id.]

The evidence only established [see: trans attch] the only 'Element' "Count one" id. (ie., Joint and several liability) Is to be found beyound a reasonable doubt;To reach tainted property forfeited,[see:853(a),(P)] By actions,That put crime proceeds in the hands of Co-Conspirator's; Or transfered to third parties.

As such the due dilligence of the government,Is not sufficient to permit [853(p)(1)(b)] Minus the 'Joint and severable liability' [al'Binito] as "<u>TAINTED</u>"/or "Substitute asset order" affecting 'Substantial rights'

As the intervening change in law,Disallows as 'Constitutional'...imposing a "Mandatory-Liability" based-on 'Subsumed' Elements through a seperate crime as proscribed by congress;as applying to both conspirator's.

SEE: [HONETCUTT,II(No.16-142)] "The court holds that such liability is inconsistent with the statute's text,And structure " id.]

In this context of criminal forfeiture,This means Co-Conspriator's[846] cannot be responsible for <u>'ACTIONS</u> ['TAINT'] of the foregoing crime,As satisfying all 'ELEMENTS' of [853(a),(p)]

Therefore, any money/property Judgement(s);Appraised at value were never "Tainted" as authorized by congree...(ie. And serious seperation-of powers concerns are at large) And they must be compensated pluss accured interest to redeem thier original asset value. (eg., Rule 59(a)(1)(a) is applicable since a jury trial was involved)

## CLOSING

Offering this court "Joint and several liability" as controlling law is clearly misplaced/Unconstitutional;Surely this "Selctive application of 'New-Rules',Violates the principle of treating similarly situated defendant's the same "
TEAGUE,489 U.S. 288

Movant has demonstrated his [41(g)] motion,Should be allowed;To the extent reasonablely possible/Or alternatively;(reimbursed;today's value) As pronounced as NoN-forfeited/Contraband proceeds/property,In his criminal case(or any other appropiate relief),

As made clear the government has not/Cannot follow proper procedure;With respect to the items seized,Throughout grand jury/jury trial/sentencing (that constitutionally affected 'Substantial rights')...since the highest court made clear in it's pronouncement that this movant has demonstrated 'STANDING';To recover items or full value

Therefore [HONEYCUTT,II] Commands movant's conviction [853(a),(P)] should not have served as such;Then the Doctrine,"Joint and several liability" No longer authorizes his forfeiture... And his current guilt on the Judgement(S) [Money/Property] Was only lawful up untill the day HONEYCUTT,II overruled HONEYCUT,I...But no longer is so.

It is precedent's from the high court that dictates doctrin/Rules---That expand/Constrict/Qaulify as 'Elements' to be proven beyound a reasonabble doubt [inre winship]...Not cases that are clearly irreconsilable

See: RIVERS vs. ROADWAY EXPRESS,INC,511 U.S. 298,312-13

"It is this courts responsibility to say what a statute means;And once thecourt has spoken it is the duty of other courts to respect that understanding of the governing 'Rule' of law;,A judicial construction of a statute is an authoritive statement of what the statute meant before ;As well as after the decision of the case giving rise to that construction "['Joint and severable liability']

[Holding,that it violates due process to convict a defendant for conduct that a 'Criminal-Statute';As properly interpreted,Does not prohibit"
FIORE VS. WHITE,531 U.S. 225,228-29 ]

SEE: MILLER vs. GAMMIE,335 f.3d 889,893 (9th cir.2003)[en banc] "Three-judge panel is bound by circuit precedent[Honeycutt,I] Unless the precedent is clearly irreconcilable with intervening higher authority [HONEYCUTT,II]"

The matter of law is already decided;This court has jurisdiction,To grant this movant's presumption;Since the government;has no legitmate reason to retain the property [reimburse]...

"A person aggreived by an unlawfu; search and seizure of property OR by the deprivation of property may move for the property's return" FED.R CRIM.P 41(g)

(7)

This is the only equitable remedy available;since the new statutory law made it available.

Pursuant to 28 U.S.C 1746,[movant] declare's under penalty of perjury that the foregoing is timely correct,[handed] to prison officials at UNITED STATES PENITENTIARY VICTERVILLE (Mailroom)

See: Fed.r.app.p 25 (a)(2)(c);Which applies the "PRISON MAILBOX RULE" HOUSTON vs, LACK, 487 U.S. 266

7/3/17
date

CLARENCE REMBLE
COUNSEL OF RECORD PRO'se
UNITED STATES PENITENTIARY
ADELANTO,CA 92301