IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | Case No. 1:05-cr-113-1 |
| v. | : | Judge Susan J. Dlott |
| Clarence Remble, *et al.*, | : | Order |
| Defendants. | : | |

This matter is before the Court on Defendant Clarence Remble's Motion for Leave to Proceed on Appeal *in Forma Pauperis* ("IFP Motion") (Doc. 966) and an Order (Doc. 971) issued by the Sixth Circuit Court of Appeals on November 30, 2017.

I.

On January 18, 2007, Clarence Remble was sentenced to life imprisonment following a conviction on a drug offense. (Doc. 609.) In mid-2015, his sentence was reduced to 420 months based on a retroactive change to the guideline sentencing range. (Doc. 932.)

In mid-2017, Remble filed a Motion for Re-Opening A Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(5) ("Civil Rule 60 Motion") and a Motion to Correct Errors in a Presentence Report pursuant to Federal Rule of Criminal Procedure 36 ("Criminal Rule 36 Motion"). (Docs. 957, 961.) On August 11, 2017, this Court issued Orders notationally denying the Civil Rule 60 Motion and the Criminal Rule 36 Motion. (Docs. 963, 964.) On August 29, 2017, Remble filed the pending IFP Motion and a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4 seeking a certificate of appealability as to the August 11, 2017 Orders. (Doc. 967.) The appeal was docketed in the Sixth Circuit Court of Appeals as Case No. 17-3924.

On November 30, 2017, the Sixth Circuit issued an Order instructing this Court to rule on the IFP Motion and to grant or deny a certificate of appealability. This Court understands the Sixth Circuit to be treating Remble's Civil Rule 60 Motion and Criminal Rule 36 Motion as if they were motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255(a). The Court issues a COA only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Remble has not met that burden in this case. Accordingly, the Court will not issue a COA authorizing Remble to appeal the August 11, 2017 Orders.[1] The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith and, therefore, denies Remble leave to appeal this order *in forma pauperis*. See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

## II.

For the foregoing reasons, the Court **DENIES** a certificate of appealability for Remble to appeal the August 11, 2017 Orders (Doc. 963, 964) denying the Civil Rule 60 Motion and the Criminal Rule 36 Motion. The Court also **DENIES** the IFP Motion (Doc. 971).

IT IS SO ORDERED.

Dated this 12th day of January, 2018

BY THE COURT:

Susan J. Dlott
United States District Judge

---

[1] Remble, nonetheless, may request a Sixth Circuit judge to issue the certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b)(1).