CLARENCE REMBLE
Reg. No. 32120-112
USP COLEMAN 1
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

FILED
RICHARD W. HAGEL
CLERK OF COURT

'22 DEC -6   AM 10: 46

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI



## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO (CINCINNATI)

| | |
|---|---|
| **CLARENCE REMBLE,** | Civ. No. _____ |
| | Cs. No. **1:05-cr-00113-SJD-1** |
| Petitioner, | |
| | **MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** (Compassionate Release under Extraordinary and compelling **Circumstances)** (Consideration under, **Concepcion** v. United States, No. 20-1650 (June 27, 2022)) |
| Vs. | |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff. | |

Does this motion include a request that any documents attached to this motion be filed under seal? **Yes**

## I. SENTENCE INFORMATION

Date of sentencing: **1/18/2007 and Resentenced on 12/01/2010**

## JUDGMENT AND COMMITMENT ISSUED

CONSPIRACY TO
DISTRIBUTE NARCOTICS
(1s)

Life imprisonment followed by 5
years supervised release

Approximate time served to date: approximately 18 years

Projected release date: 07/17/2035

Length of Term of Supervised Release. 5 years supervised release

Have you filed an appeal in your case?

**X Yes**  ☐ No

Are you subject to an order of deportation or an ICE detainer?  **No**

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Petitioner submits that 18 U.S.C. § 3582(c)(1)(A) allows you to file this motion because it has been 30 days after the warden of my facility received my request.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated? **Yes**

X Yes, I submitted a request for compassionate release to the warden.

☐ No, I did not submit a request for compassionate release to the warden.
If no, explain why not:

Was your request denied by the Warden? **Yes, Denied.** See, Exhibit A.
Yes, my request was denied by the warden on (date): Over 30 Days, no response

No. I did not receive a response yet.

## III. GROUNDS FOR RELEASE

### A. Are you 70 years old or older?

☐ Yes. **X**  No.

If you answered no, go to Section B below. You do not need to fill out Section A.
If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

**X NO**

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

**X YES**

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

X Yes

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

**X I have a serious physical and medical condition, and my aging process substantially diminishes my ability to provide self-care within the environment of a correctional facility.**

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

**X I am experiencing a serious mental health issue.**

**X I am the only available caregiver for my Mother.**

**X My spouse or registered partner has become incapacitated, and I am the only available caregiver for my spouse or registered partner.**

**X There are other extraordinary and compelling reasons for my release.**

**A. Petitioner Remble has Extraordinary and Compelling Reasons Justifying a Sentence Reduction.**

On January 18, 2007, Petitioner Remble was convicted of CONSPIRACY TO DISTRIBUTE NARCOTICS (1s) and sentenced to Life imprisonment followed by 5 years supervised release. And on December 1, 2010, Petitioner Remble was Resentenced to Life again. To date, Petitioner Remble has served close to 18 years of his sentence.

Petitioner Remble moves this honorable Court for Compassionate Release.

First, Petitioner Remble submits that in *Concepcion v. United States*, No. 20-1650 (June 27, 2022)(link is external), a 5 to 4 Supreme Court held the First Step Act allows district courts to consider intervening changes of law (such as changes to the Guidelines) or fact (such as behavior in prison) in exercising their discretion to reduce a sentence. This reverses the law in the First, Fifth, Ninth and Eleventh Circuits, which before today, limited the discretion of district court's to consider only one variable in conducting a resentencing under Section 404(b) of the First Step Act--the change to the statutory minimum and maximum. But the decision also makes plain the First Step Act does not compel courts to

their discretion to reduce any sentence based on intervening changes in the law or facts. While *Concepcion* is about crack resentencing under Section 404 of the First Step Act, Professor Douglas Berman suggests the Court's ruling should also resolve circuit split on compassionate release factors.

Second, Petitioner Remble has several medical conditions. However, the current pandemic is spreading fast throughout the prison systems. In addition, a new virus: Monkeypox. The number of monkeypox cases reported has tripled in the past weeks, and cases have been confirmed in more than 40 states.

Third, Petitioner Remble has demonstrated exceptional efforts towards his rehabilitation during his time of incarceration.

Petitioner Remble does not pose a danger to the community, under 18 U.S. Section 3142(g). Petitioner Remble is presently employed in his present institution of confinement. In addition, Petitioner Remble has a job plan available upon his release, despite his physical limitations, and a stable residence where he is going to reside.

Petitioner Remble submits that this Court should grant Mr. Remble a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) because of the need to prevent the spread of COVID-19, the injustice of Mr. Remble, his age now and his youth at the time of his offense, and his significant rehabilitation over the significant length of time that Mr. Remble has already served in prison. In support, the cases as follow: United States v. Hector Luis Rios, No. 3:94-cr-112 (JBA) (D. Conn., Dec. 8, 2020); United States v. Hector Lopez, Cr. No. 97-01117 ACK-2 (D. Haw. Oct. 27, 2020); United States v. Diego Rodriguez, No. 00-cr-761-2 (JSR) (S.D.N.Y., Sept. 30, 2020); United States v. Sergio Santamaria, Case No. 4:04-cr-00199-RP-RAW (S. D. Iowa, 2-01-2021); United States v. Jesus Manzo, Case No. 2:07-cr-02042-WFN (E. D. Wa. 7-29-2021); United States v. Luis Cano, 1:95-cr-00481-CMA (S. D. Fla., 12-17-2020); and United States v. Ledezma-Rodriguez, --- F.Supp.3d ---- (2020) (United States District Court, S.D. Iowa, Case No. 3:00-CR-00071, Signed 07/14/2020).

## 1. Mr. Remble's Medical Condition and the COVID-19 Pandemic

Petitioner Remble's medical condition: Petitioner Remble suffers from mental. I have also experienced COVID-19. I have respiratory problems, high cholesterol and I am not having treatment. Petitioner Remble's mother is elderly and I am the only person that can provide care for her. He will and for these reasons, Petitioner respectfully asks for a reduction in sentence. I respectfully request consideration and an opportunity to go back and

be by my family's side and be a productive member to my family, the community and of society after 30 plus years.

Petitioner Remble submits that courts throughout the country, including in this district, have overwhelmingly concluded that a district court can consider factors other than those explicitly listed in subsections (A)-(C) of the Sentencing Commissions' policy statement when determining whether "extraordinary and compelling" reasons exist warranting compassionate release. United States v. Rodriguez, 451 F. Supp. 3d 392, 395-400 (E.D. Pa. 2020). Further, this Court has discretion to assess whether Mr. Remble presents "extraordinary and compelling reasons" for his release outside of those listed in the non-exclusive criteria of subsections (A)-(C) of the old policy statement. See United States v. Brown, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020); Moody, 05-80121-CR-COHN, 2020 WL 4059659, at *3 (S.D. Fla. May 15, 2020).

Mr. Remble's medical records reflect, Mr. Remble has a medical mental issue.

In determining whether "extraordinary and compelling reasons" exist courts do not consider a defendant's medical condition in isolation, rather, courts evaluate a defendant's medical record as a whole, including taking into account a defendant's age. Blake, 15-CR-80018, 2020 WL 4677309 (S.D. Fla. Aug. 12, 2020)*. The CDC guidelines indicate that people of any age with a BMI of 30 or higher are at an increased risk of severe illness from COVID-19. United States v. Critchlow, 215CR00006JMSCMM, 2020 WL 5544043, at *1 (S.D. Ind. Sept. 16, 2020).

Nevertheless, Petitioner Remble minimal medical conditions, which increase his risk of severe illness or death should he contract COVID-19 regardless of age. See Critchlow, 215CR00006JMSCMM, 2020 WL 5544043, at *5 (S.D. Ind. Sept. 16, 2020) (Because the defendant suffered from health conditions that the CDC guidelines identified as possibly increasing the risk of severe illness or death at any age, the Government's argument that the defendant is young was unpersuasive to the court.). Mr. Remble is presently housed at USP COLEMAN I, U.S. PENITENTIARY, P.O. BOX 1033, COLEMAN, FL. 33521. Despite BOP's significant efforts to try to manage the virus in its facilities, it reports that at USP COLEMAN I, U.S. PENITENTIARY positive cases exist.

Because Mr. Remble is at risk if he contracts the virus, his health and life are in danger if he continues to serve his sentence at USP COLEMAN I, U.S. PENITENTIARY.

Therefore, Mr. Remble's health status in conjunction with the significant risk at USP COLEMAN I, U.S. PENITENTIARY, present extraordinary and compelling reasons that

justify the grant of compassionate release. See Riccardi, 02-20060-JWL, 2020 WL 4260636, at *3 (D. Kan. July 24, 2020) ("The combination of defendant's age, his underlying health conditions, which increase his risk of serious harm from the virus, and the recent outbreak at the facility, where it appears that measures to contain the virus have been ineffective, provides an extraordinary and compelling reason for relief in this case."); United States v. Vega, 1:16-CR-00319, 2020 WL 4784797, at *1 (N.D. Ohio Aug. 18, 2020) ("Vega's medical conditions, in conjunction with the presence of COVID-19 at FCI Coleman Low, are extraordinary and compelling reasons that justify his compassionate release.").

Because Mr. Remble is at risk for medical complications if he contracts the virus, Mr. Remble's health and life are in danger if he continues to serve his sentence at USP COLEMAN I, U.S. PENITENTIARY.

When Congress sought to expand compassionate release to more federal inmates, it recognized the Sentencing Commission's criteria were inadequate. What is more, even the Commission realized there would be "extraordinary and compelling" cases that fell outside its three, narrowly drawn examples. See U.S.S.G. § 1B1.13 Mr. Remble presents such a case. His risk to contract COVID-19, sentence, rehabilitation, and exposure to COVID-19, together constitute extraordinary and compelling reasons for release

## 2. Sentencing Factors under 18 U.S.C. Section 3553(a)

### DANGER TO THE COMMUNITY AND APPLICABLE 3553 FACTORS

Here, Petitioner Remble submits that "[b]efore granting a reduction in sentence under section 3582(c)(1)(A), the Sentencing Commission directs the court to consider whether a defendant poses 'a danger to the safety of any other person or to the community.'" United States v. Potts, 06-80070-CR, 2020 WL 5540126, at *5 (S.D. Fla. Sept. 14, 2020).

Furthermore, "[w]hen a defendant has shown that there are extraordinary and compelling reasons for release, and that he is not likely to pose a danger to the community, the Court may reduce his sentence to time served if doing so is consistent with the applicable factors in 18 U.S.C. § 3553(a)." Potts, 06-80070-CR, 2020 WL 5540126, at *6 (S.D. Fla. Sept. 14, 2020). The factors listed in 3142(g), i.e., dangerousness to the community, are largely duplicative of those in 3553(a).

Petitioner Remble's offense was not violent, and he has minimal criminal history prior to his incarceration. Petitioner has minimal and minor not serious incidents while incarcerated, and his age puts him at a zero risk of recidivism. See Exhibit B.

While the charges for which Petitioner Remble was convicted, and sentenced are serious offenses that, in themselves, pose a danger to the community, this must be balanced against the significant time Petitioner Remble has already served, his rehabilitation, family support, and the danger imposed by remaining incarcerated. See Rivera, 13-20775, 2020 WL 5105090, at *4 (E.D. Mich. Aug. 31, 2020). To date, Petitioner Remble, a non-violent offender, has served about 18 years of his sentence imposed following his conviction.

In, *United States v. Douglas*, Crim. Action No. 10-171-4 (JDB), at *28 (D.D.C. Jan. 20, 2021), the Court held that, Federal courts have granted relief to defendants with lengthy portions of their sentences remaining unserved, including in cases like Douglas's where a consecutive federal sentence has begun more recently following a more substantial state sentence. For example, in United States v. Redwine, the U.S. District Court for the Eastern District of Virginia released a man convicted of several armed bank robberies in 1988 "roughly eight months" into his twenty-five year federal consecutive sentence after he was granted parole in Virginia where he served approximately thirty-three years in state prison. See Crim. No. 3:87cr70, 2020 WL 6829848, at *3 (E.D. Va. Nov. 20, 2020). Other courts have reduced even life without parole sentences doled out for heinous and repeated criminal conduct, including multiple

* See, e.g., United States v. Curington, 12-20115-CR, 2020 WL 4344083 (S.D. Fla. July 7, 2020); United States v. Moody, 05-80121-CR, 2020 WL 4059766 (S.D. Fla. June 16, 2020); United States, v. Potts, 06-80070-CR, 2020 WL 5540126 (S.D. Fla. Sept. 14, 2020); United States v. McGhee, 12-60027- CR, 2020 WL 3884567 (S.D. Fla. May 18, 2020); United States v. Platten, 08-80148, 2020 WL 4333525 (S.D. Fla. Apr. 17, 2020); United States v. Sanchez, 95-00421-CR, 2020 WL 3581631 (S.D. Fla. Apr. 27, 2020); United States v Chopra, 18-CR-20668, 2020 WL 4333507 (S.D. Fla. July 24, 2020); United States v. Blake, 15-CR-80018, 2020 WL 4677309 (S.D. Fla. Aug. 12, 2020); United States v. Feucht, 11-CR-60025, 2020 WL 2781600 (S.D. Fla. May 28, 2020); United States v. Lima, 16-20088-CR, 2020 WL 4343836 (S.D. Fla. May 11, 2020); United States v. Minsal, 1:18-CR-20597-UU, 2020 WL 4516360 (S.D. Fla. Aug. 5, 2020); United States v. Minor, 18-CR-80152, 2020 WL 4333524 (S.D. Fla Apr. 17, 2020); United States v Schumack, 14-80081-CR, 2020 WL 4333526 (S.D. Fla. June 11, 2020); United States v Remble, CR 11-20698, 2020 WL 5518358 (S.D Fla. Sept. 14, 2020); United States v. Israel, 95-00314-CR, 2020 WL 4362258 (S.D. Fla. July 29, 2020); United States v. Huarte, CR 11-20587, 2020 WL 4429424 (S.D Fla. July 31, 2020); United States v Laing, 18-20731-CR, 2020 WL 5032977 (S.D Fla. Aug. 24, 2020), United States v Vazquez Torres, 19-CR-20342, 2020 WL 4019038 (S.D. Fla July 14, 2020); United States v Bailynson, CV 18-CR-80124, 2020 WL 5367320 (S.D. Fla. Sept. 8, 2020); United States v. Reynolds, 14-CR-80227, 2020 WL 4333504 (S.D Fla July 8, 2020); United States v Barbuto, 18-CR-80122, 2020 WL 4333505 (S.D. Fla. Apr. 28, 2020), United States v. Brown, 14-CR-60161 2020 WL 5116781 (S.D Fla. Aug. 31, 2020), United States v. Weems, 18-CR-60185-BB, 2020 WL 4558381 (S.D Fla. Aug. 7, 2020); United States v. Lewis, 10-CR-60292, 2020 WL 4333459 (S.D. Fla July 20, 2020), United States v Siegert, 13-80009-CR, 2020 WL 4726929 (S.D. Fla. Aug. 13, 2020); United States v. Oreste, 14-20349-CR, 2020 WL 4343774 (S.D. Fla. Apr. 6, 2020); United States v. Rice, 90-CR-00768, 2020 WL 4333527 (S.D. Fla. June 8, 2020); United States v Arenales-Monge, 16-CR-20374-KMW, 2020 WL 4344085 (S.D. Fla. June 18, 2020), United States v. Firebaugh, 1:16-CR-20341-UU, 2020 WL 4343835 (S.D. Fla. June 25, 2020); United States v Woodson, 13-20180-CR, 2020 WL 4333488 (S.D Fla. June 4, 2020); United States v. Pimental, 19-CR-20104, 2020 WL 5500840 (S.D. Fla Sept. 11, 2020);United States v. Welch, 09-60212-CR, 2020 WL 4333667 (S.D. Fla. May 21, 2020); United States v. Woolley, 9:19-CR-80093, 2020 WL 4904210 (S.D. Fla. Aug. 20, 2020); United States v Jaen, 91-60844- CR, 2020 WL 4269283 (S.D Fla. July 8, 2020).

killings, where extraordinary and compelling circumstances have been found to justify release. See, e.g., United States v. Tidwell, Crim. Action No. 94-353, --- F. Supp. 3d ---, 2020 WL 4504448, at *1 (E.D. Pa. Aug. 5, 2020) (reducing life without parole to time served after twenty-seven years for man convicted of two counts of murder among other conspiracy, drug, and weapons offenses); Rodriguez, 2020 WL 5810161, at *1 (reducing life without parole to thirty years for man convicted of torturing and executing government witness among other conspiracy and racketeering offenses); see also United States v. Wildcat, Case No. 4:99-cr-00002-BLW, 2020 WL 7872509, at *1 (D. Idaho Dec. 31, 2020) (reducing thirty-year sentence to time served after approximately 262 months for man convicted of two counts of second-degree murder).

In evaluating whether a defendant poses a danger to the community courts view a defendant's recent good conduct as a more reliable indicator of his likelihood to recidivate. Id. (citing Pepper v. United States, 562 U.S. 476 (2011) (Defendant's post-sentence rehabilitation provides the "most up-to-date picture" of the defendant and is the best evidence available of the likelihood the defendant will or will not engage in future criminal conduct).

Furthermore, Petitioner Remble has a reentry plan that will allow him to abide by all terms of supervised release. Petitioner Remble will attest that should this Honorable Court Grant Petitioner Remble's Motion for Compassionate Release, Petitioner Remble would be employed immediately upon release. Affidavits will be available, also counting on strong family ties to support his compassionate release. Finally, any concerns this Court may still have regarding Petitioner Remble's release, possible recidivism upon his release can be addressed by adding additional strict conditions to his sentence of supervised release.

Petitioner Remble's extensive efforts at rehabilitation while incarcerated weigh in favor of his release and, as discussed, his age make recidivism unlikely, see also U.S. Sentencing Comm., Length of Incarceration and Recidivism, https://www.ussc.gov/sites/default/files/pdf/research-and publications/researchpublications/2020/20200429_Recidivism-SentLength.pdf(last visited August 4, 2020). Additionally, as illustrated by the above relevant chart, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), also cuts in favor of release. Thus, the applicable § 3553(a) factors favor release.

### 3. Petitioner Remble Extraordinary Rehabilitation

Courts have found that an inmate's rehabilitation while incarcerated, in conjunction with other factors, can constitute "extraordinary and compelling" circumstances sufficient to warrant a sentence reduction. See Hope, 90-CR-06108-KMW-2, 2020 WL 2477523, at *2 (S.D. Fla. Apr. 10, 2020); Stephenson, 3:05-CR-00511, 2020 WL 2566760 at 2 (S.D. Iowa May 21, 2020).[10]

Here, Petitioner Remble provides ample evidence that he is no longer the same immature and irresponsible person whom this Court incarcerated almost 18 years ago. See United States v. Millan, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y. Apr. 6, 2020). While incarcerated Petitioner Remble has availed himself of countless hours of educational courses. Petitioner Remble has also taken significant steps to reform and better himself so that he may be a more productive individual upon his release. More notably, the record suggests that Petitioner Remble has persevered despite his lengthy sentence. For example, he has worked for years and forged meaningful relationships with other inmates and staff alike, taking younger inmates under his wing and helping them stay out of trouble, while also fostering relationships with his family members this is further evidence of Petitioner Remble's extraordinary rehabilitation. See also Ledezma-Rodriguez, 3:00-CR-00071, 2020 WL 3971517, at *5-6 (S.D. Iowa July 14, 2020) ("Rehabilitation of the defendant alone shall not be considered" sufficiently extraordinary and compelling to justify compassionate release. § 994(t) (emphasis added). Yet a "statute should be construed so that effect is given to all its provisions. . .. This means that for the word "alone" to do any work— as it must—the statute allows courts to consider rehabilitation as part of a compassionate release motion. Thus, several courts, including this one, have found a defendant's rehabilitation to be part of the extraordinary and compelling reasons favoring release."); United States v. Stephenson, 3:05-CR-00511, 2020 WL 2566760, at *3 (S.D. Iowa May 21, 2020) ("Courts have found that the unprecedented risks of COVID-19 and rehabilitation each constitute extraordinary and compelling reasons to grant compassionate release.").

## IV. ATTACHMENTS AND REQUEST TO SEAL

**Request to seal all documents.**
For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

Document Attached? **Yes**

Request to seal? **Yes**

Proposed Release Plan? **Yes**

Additional medical information? **Yes**

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me with properly briefing my Motion and obtain the documents and evidence surrounding housing, Family, Employment and necessary information and Medical documents.
**Yes**

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move this honorable Court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

November 29, 2022.

Signature *Clarence Remble*
Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL. 33521

Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO (CINCINNATI)

| | |
|---|---|
| **CLARENCE REMBLE,** | Civ. No. _____ |
| Petitioner, | Cs. No. **1:05-cr-00113-SJD-1** |
| | |
| Vs. | **POST-REHABILIATION DOCUMENTS IN SUPPORT OF: 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release under Extraordinary and compelling Circumstances)** (*Pro Se* Prisoner) |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff. | |

Petitioner Remble respectfully requests this Court issue an Order directing the Government to produce a progress report of Petitioner Remble from BOP. Petitioner Remble submits that all his records to his documents are available with his Unit Counselor at USP COLEMAN I, U.S. PENITENTIARY, P.O. BOX 1033, COLEMAN, FL 33521. Petitioner will attempt to obtain all his documents to provide the Court. Petitioner submits that at times it is difficult to obtain documents from staff due to restrictions and burdens placed on inmates due to the Pandemic. See, Exhibit C.

November 29, 2022.

Signature _Clarence Remble_

Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO (CINCINNATI)

| | |
|---|---|
| CLARENCE REMBLE, | Civ. No. |
| | Cs. No. **1:05-cr-00113-SJD-1** |
| Petitioner, | |
| | **PROPOSED RELEASE PLAN** |
| | **In Support of Motion for Sentence** |
| Vs. | **Reduction Under 18 U.S.C. §** |
| | **3582(c)(1)(A)** |
| UNITED STATES OF AMERICA, | |
| Plaintiff. | |

Do you request that this document be filed under seal? **Yes**

## PROPOSED RELEASE PLAN

### A. Housing and Employment

Provide the full address where you intend to reside if you are released from prison:
**Rochelle Hamilton, 1408 S. Burris Ave, Compton, CA 90221**

Provide the name and phone number of the property owner or renter of the address where you will reside if you are released from prison:
**Rochelle Hamilton, Tel: 310-920-6101**

Provide the names (if under the age of 18, please use their initials only), ages, and relationship to you of any other residents living at the above listed address:

If you have employment secured, provide the name and address of your employer and describe your job duties: **21st Century Network Cabling (310-918-9840) 1840 S. Gaffy St. #362, San Pedro Owner Marcus Franklin. I will be working as an entry level apprenticeship.**

List any additional housing or employment resources available to you:

### B. Medical needs

Will you require ongoing medical care if you are released from prison?

X YES

Will you have access to health insurance if released?

X YES

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?
If no, are you willing to apply for government medical services (Medicaid/Medicare)?
Yes. SSI. I was on SSI for 10-15 years prior to incarceration

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

X YES

If yes, please include them with your motion. If no, where are the records located?
Medical Department BOP. USP COLEMAN I, U.S. PENITENTIARY, P.O. BOX 1033
COLEMAN, FL 33521

Are you currently prescribed medication in the facility where you are incarcerated?

X YES

if yes, list all prescribed medication, dosage, and frequency:

Lisinopril 30mg. High Blood Pressure, Hypertension, Atorvastatin 10mg for High
Cholesterol, Phenytoin (i.e.) seizure med 100mg.

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

No

If yes, list equipment:
Do you require assistance with self-care such as bathing, walking, toileting?

No

If yes, please list the required assistance and how it will be provided:
Do you require assisted living?

No

if yes, please provide address of the anticipated home or facility and the source of funding to pay for it.

Are the people you are proposing to reside with aware of your medical needs?

No

Do you have other community support that can assist with your medical needs?

X Yes

Provide their names, ages, and relationship to you. If the person is under the age of 18, please use their initials only:

Will you have transportation to and from your medical appointments?

Yes

Describe method of transportation: My family will provide me with a vehicle for transportation purposes.

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

November 29, 2022.

Signature _Clarence Remble_

**Clarence Remble**
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN. FL. 33521

Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO (CINCINNATI)

| | |
|---|---|
| CLARENCE REMBLE, | Civ. No. |
| | Case No. **1:05-cr-00113-SJD-1** |
| Petitioner, | |
| | **MEDICAL RECORDS AND** |
| | **ADDITIONAL MEDICAL** |
| Vs. | **INFORMATION** |
| | **In Support of Motion for Sentence** |
| | **Reduction Under 18 U.S.C. §** |
| UNITED STATES OF AMERICA, | **3582(c)(1)(A)** |
| | |
| Plaintiff. | |

Do you request that the attachments to this document be filed under seal? <u>Yes</u>

### MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION

Petitioner Remble respectfully requests this Court issue an Order directing the Government to produce Medical Records of Petitioner Remble from BOP. Petitioner Remble submits that all his Medical records are available with his Unit Counselor at BOP MEDICAL DEPARTMENT at USP COLEMAN I, U.S. PENITENTIARY, P.O. BOX 1033, COLEMAN, FL 33521.

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

November 29, 2022

Signature *Clarence Remble*
Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

## CERTIFICATE OF SERVICE

I, CLARENCE REMBLE, hereby certify that I have served a true and correct copy of

MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A), Proposed Release Plan in Support of Motion for Sentence Reduction, Medical Records and Additional Information in Support of Motion for Sentence Reduction, Post Rehabilitation Documents in Support of Sentence Reduction

[which is considered filed/served at the moment it was delivered to prison authorities

for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101

complete copy of the above-described materials in a sealed envelope affixed with the

appropriate pre-paid first-class United States postage:

United States District Court
Southern District of Ohio
Courthouse Room 103
100 East Fifth Street
Cincinnati, Ohio 45202

and deposited same with prison officials here at:

USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the

foregoing is true and correct.

November 29, 2022.

Clarence Remble
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

16

Exhibit A

CLARENCE REMBLE
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

October 28, 2022

**WARDEN**
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

Re: Compassionate Release Request Pursuant to Title 18 U.S.C. § 3582 outlining Extraordinary Circumstances, and Pursuant to Attorney General William Barr's Memorandum directing BOP to begin identifying more people for transfer to Home Confinement, and Cares Act, and FSA.

Dear USP COLEMAN I Warden:

As explained in the RE: Section of this letter, and further detailed below, I am requesting Compassionate Release (Time Served), a Modification of my Sentence based on "Extraordinary Circumstances," and or immediate Home Confinement based on the recently issued Directives by Attorney General William Barr and the recently passed CARES Act and FSA.

In support, I state *and preserve what is pertinent*, for appeal my issues under the facts as follow:

1) I am 59 years of age.
2) My Health and Family problems.
3) Sentencing Disparity – Concerning My Case and my Co-Defendants.
4) I am more vulnerable to pandemic of COVID-19. Omicron, etc., Virus infection and bad outcome as per CDC Guidelines.
5) I have taken multiple classes while incarcerated to reduce potential recidivism.
6) I have demonstrated good conduct.
7) I was incarcerated for a Non-Violent Crime.
8) Upon release to my home or reduction of sentence. I will have lower risk of contracting COVID-19 virus than in this place.
9) I pose absolutely no danger or harm to the community.
10) I have a job upon release to support myself and my family.
11) There are several other cases with similar and almost identical facts to that of my case that have been Granted Compassionate release. Retroactive Consideration, change in law, FSA, SCA, and CARES Act, Priors etc.
11) Parent incapacitated – I am only caregiver.
12) Courts are Still Granting Compassionate Release to Vaccinated Persons: See:

**VACCINATED PERSONS**

- Compassionate Release Granted While Vaccinated - Law ...

    May 3, 2021 - In Hatcher, the Southern District of New York granted a compassionate release to a person who was fully vaccinated

1

- **Compassionate Release Granted While Vaccinated: Bozon**

    May 8, 2021 — *The* District Court in *Bozon granted a compassionate release* even though
    she was *vaccinated* and also offered an important practice tip.

## <u>GRANTED CASES WITH NO MEDICAL CONDITION</u>

**United States v. Chestnut, 6:09-cr-06071-DGL-MWP, Dkt. 923, 925 (W.D.N.Y, April 29, 2020)**
- waiving exhaustion requirement and granting release to inmate with no medical conditions

**United States v. Sturdivant, 2020 WL 6875047, at *1 (D. Conn. Nov. 23, 2020)**
- Allenwood Medium
- "No particular health condition that puts him at higher risk of serious illness"
- Not just for sick people – numerous courts have held that, during the COVID-19 pandemic, the impending end of an inmate's sentence helps constitute an "extraordinary and compelling" reason to grant an inmate's motion for compassionate release.
- Collecting-cases
- Sturdivant is 35 years old and generally healthy
- Release in less than 7 months

**United States v. Wooten, 2020 WL 6119321, at *1 (D. Conn. Oct. 16, 2020)**
- FCI McKean
- Argues based on COVID and incapacitation of sister and aging mother's inability to care for her
- In addition, some courts have held that a defendant's role as the only available caregiver for an incapacitated close family member can contribute to "extraordinary and compelling reasons" warranting that defendant's release. Many courts—relying on a narrow construction of U.S.S.G. § 1B1.13 cmt. n.1(C)(ii)'—have held that "extraordinary and compelling reasons" exist only when a defendant is the only available caregiver for an incapacitated "spouse or registered partner." *See, e.g., United States v. Hunter,* 2020 WL 127711, at *3 (S.D. Ohio Jan. 10, 2020). However, some courts have held not held so narrowly and have found that "extraordinary and compelling reasons" may exist when a defendant is the only available caregiver of incapacitated close family members *other than* spouses and registered partners— particularly, parents.
- Sister has cerebral palsy and is in wheelchair, mom is 69 years old
- Renewed motion
- Although Wooten does not claim that he suffers from any particular medical issue that makes him more susceptible to serious illness should he contract COVID-19, Wooten still relies in part on the general (and extraordinary) threat that COVID-19 poses in prisons
- Notes it wanted to go below mandatory minimum at sentencing

**United States v. Cruz, 2020 WL 3265390, at *1 (D. Or. June 17, 2020)**
- FCI Lompoc, 5 months left on sentence
- Tested positive for COVID-19 then released from isolation after 11 days without symptoms
- To date, the BOP has not set a date for Cruz's release to community corrections, despite his eligibility and my letter recommending he receive the maximum time in community corrections
- Apparently, the conditions at FCI Lompoc have rendered it unable to perform basic and statutorily mandated administrative functions
- Combination of medical risk, etc plus recommendation for most time in community confinement

**United States v. Calabrese, 2020 WL 3316139, at *2 (D. Mass. June 18, 2020)**
- 55 years old and, other than his age, has not pointed to any specific medical conditions that place him at a higher risk
- While the situation at FMC Lexington has improved over the last month, I cannot say that based on the current number of positive cases and the deaths which have occurred that continued incarceration does not place an individual like Mr. Calabrese at risk of exposure to the virus
- FMC Lexington

# Request to BOP for Compassionate Release.

**United States v. Rich**, 2020 WL 2949365, at *2 (D.N.H. June 3, 2020)

- Had "history of chronic bronchitis and other respiratory illnesses puts him at substantial risk of experiencing severe illness should he contract COVID-19. He further contends that he has an increased risk of becoming infected with the virus because inmates and staff members at FMC Devens have tested positive"
- History as cigarette smoker, smoking, makes him immunocompromised
- "The court acknowledges that defendant's more recent medical records from his current incarceration do not reflect any ongoing respiratory issues"
- "The government argues that the court should not find defendant particularly vulnerable to COVID-19 because he does not have a documented diagnosis for "chronic bronchitis." Given the novelty of the coronavirus and the medical community's evolving knowledge about who is high risk, the court is not inclined to read defendant's medical records as narrowly as the government urges. Although defendant's doctor did not use the phrase "chronic bronchitis" to describe defendant's condition, the doctor described defendant as "prone to bronchitis" with "a history of reactive airway disease." That is close enough to "chronic bronchitis" for the court. Moreover, defendant not only has a history of bronchitis, he also has a history as a heavy smoker. These two issues place him in a high-risk category."

**United States v. McClellan**, 2020 WL 2933588 (N.D. Ohio June 3, 2020)

- Release date May 2022, 12 months of home confinement, FMC Rochester
- 58 years old, hypertension and high blood pressure
- A growing list of federal courts have concluded that the public health crisis presented by the Covid-19 pandemic in conjunction with a defendant's pre-existing health condition establishes an extraordinary and compelling reason for compassionate release.
- "Defendant does not offer evidence that he has a medical condition of the type and gravity insufficiently addressed by the BOP. However, the Court finds that the perils presented by the Covid-19 pandemic are one factor among several which warrant the sentence reduction."

**United States v. Grimm**, 2020 WL 2789886, at *5 (D. Nev. May 29, 2020)

- Under these circumstances, the court is inclined to release defendant. However, this conclusion is predicated on an uncertain premise: whether defendant does, in fact, have lupus. In her initial motion, defendant suggested she may have lupus only in passing.
- It was only in her reply brief that defendant expanded on this putative diagnosis. (See ECF No. 785). And defendant has neither been formally diagnosed with lupus nor did she present evidence of lupus beyond what is consistent with her other conditions.
- However, the court is unable to rule on the instant motion until defendant has a definitive diagnosis. Thus, the court will hold defendant's motion in abeyance and to give the BOP an opportunity to have defendant brought before a medical professional for the purpose of definitively determining whether she has lupus. If she has lupus, the BOP should determine whether it can provide defendant with chloroquine or hydroxychloroquine while incarcerated.
- Released, United States v. Grimm, 2020 WL 3643435, at *1 (D. Nev. July 6, 2020

**United States v. Kelly**, 2020 WL 2104241 (S.D. Miss., May 1, 2020)

- waiving exhaustion and granting release to Oakdale I inmate
- "Despite his youth and lack of health issues"

**United States v. Mel**, 2020 WL 2041674, at *2 (D. Md. Apr. 28, 2020)

- Although the presence of the historic COVID-19 pandemic in prisons arguably could alone establish extraordinary and compelling reasons, Mel has been incarcerated at FCI-Danbury, one of the hardest hit federal prisons.
- Thyroid mass, not yet malignant but unknown, "the Court cannot conclude with certainty that Mel has a high-risk health condition, particularly where she has not undergone any cancer treatment. See Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html, last visited Apr. 26, 2020 (identifying cancer treatment, not cancer itself, as a high-risk condition).
- Nevertheless, the Court finds that the historic COVID-19 pandemic, the fact that Mel has been incarcerated in one of the federal prisons most profoundly impacted by COVID-19, and the fact that as a result of the outbreak, she has effectively been prevented from receiving necessary medical care for a potentially life-threatening condition."
- "The fact that Mel has been incarcerated at FCI-Danbury during a serious outbreak of COVID-19 inside the facility sufficiently increased the severity of the sentence beyond what was originally anticipated that the purposes of sentencing are fully met even with the two-week reduction."
- Scheduled release May 22, 2020, must be quarantined for 2 weeks

3

# Request to BOP for Compassionate Release.

**United States v. Le**, 1:19-cr-10199, Dkt. 99 (D. Mass. May 6, 2020)
- Releasing pretrial defendant in drug trafficking case in light of COVID-19 even though he lacks "physical conditions that put him at high risk" from COVID-19 because "[t]he reduction in the prison population in and of itself" is important to combatting the virus

**Matter of Extradition of Kubicki**, 20-MJ-00034-STV, Dkt.19 (D. Co. May 5, 2020)
- Granting release in pending extradition matter where relator had argued, in part, that the COVID-19 pandemic was a "special circumstance" warranting release but had not argued an individual susceptibility to COVID-19 complications

**United States v. Mason**, 10-cr-625, (DE 61) (D. Md. May 5, 2020)
- Releasing supervisee with "extensive and serious criminal history" from custody because COVID-19 is "so contagious" making it "imperative that D.C. Jail and CTF take all reasonable steps to prevent its spread within the jails" and recognizing the importance of reducing jail populations during the COVID-19 pandemic;

**United States v. Cordova**, 4:19-cr-40025-TSH, (DE 133) (D. Mass. May 1, 2020)
- Granting pretrial release to a 36 year old defendant, (see DE 120: 2), who was alleged to be a career offender facing a ten year mandatory minimum sentence

## SHORT TIME SERVED
### Cases where offender has not yet reported to BOP custody:

- United States v. Novak, 1:19-cr-00475, Doc. 67 (N.D. Ill. Jan. 5, 2022)
- United States v. Hussain, 2020 WL 5910065, at *3 (N.D. Cal. Oct. 6, 2020)
- United States v. Maxwell, 2020 WL 4776012, at *4 (S.D. Ohio Oct. 13, 2021)
- United States v Hambrok, 520 F.Supp.3d 827, 830 (E.D. Va. 2021).
- United States v. Cook, 2022 WL 118185, at *2 (N.D. Ohio Jan. 12, 2022)
- United States v. Butler, 1:14-cr-00445-2, Doc. 188 (N.D. Ill. Apr. 6, 2020)
- Medical conditions worsened after sentencing
- Government took no position, defendant sent request to designated facility's warden and 30 days elapsed
- United States v. Konopka, 1:17-cr-00616, ECF 117 (N.D. Ill. Sep. 10, 2020)
- Granting reduction in sentence where, after 6-month sentence was imposed, defendant received a new and serious diagnosis and in light of global pandemic
- United States v. Nazario-Montijo, 3:17-cr-00278-JAG, ECF 273 (D.P.R. Sep. 17, 2020)
- Sentenced to 24 months in February under binding plea agreement, surrender date was postponed three times before court amended judgment to require no time
- Client suffers from obesity and mental health conditions that could be exacerbated by BOP infection mitigation measures);
- Cases where offender had only served short amount of time:
- United States v. Morgan, 2020 WL 6393007, at *1 (N.D. Ill. Nov 2, 2020)
- FCI Terre Haute
- 120 months based on 924(c) charge, reported in January 2020, served 10 months; mandatory minimum on both, selling drugs and firearm, role was as a sitter for stash house
- Type 2 diabetes, hypertension, sleep apnea, obesity
- The amount of time served to date by Morgan does not adequately account for the seriousness of his offense; the Court concluded as much when it sentenced him to a prison term totaling 120 months. On the other hand, although Morgan has a criminal history, including prior felony narcotics convictions, it is all in the distant past: his last felony conviction was in 1992, nearly thirty years ago. When the Court sentenced Morgan in this case, it was bound by the mandatory minimum sentences prescribed by law"

- "Requiring him to be subjected to this severe risk for an extended period— given the length of time the coronavirus pandemic is likely to persist—does not, in the Court's view, amount to just punishment, nor does it promote respect for the law."
- United States v. Foster, 2020 WL 5876941, at *1 (D. Or. Oct 2, 2020)
- 36 months, started June 2019, has served 1 year
- FCI Dublin
- 36 years old, asthma, history of smoking and meth, recent upper respiratory infections
- Used expert Dr. Chubbuck
- Notes there is testing FCI Dublin has not provided, which is needed
- Has symptoms of heart failure and FCI Dublin is failing to test her
- United States v. Terraciano, 2020 WL 5878284, at *1 (E.D. Cal. Oct. 2, 2020)
- 40 months for bribery as DMV employee, projected release is December 2022, "has completed about 30 percent of her sentence of incarceration)
- Filed a few months after beginning sentence
- Hepatitis C, obese/overweight (in between), hypertension, history of smoking
- FCI Victorville, "she lives in a large cell with more than 90 other inmates and must also work outside that dormitory .. She and her 90-plus cellmates share the same toilets and showers and line up together for food and medications; it is not possible to practice social distancing in these conditions"
- 3553 – Terraciano has also proposed a release plan that will allow the government to supervise and monitor her that will reduce the risk she again finds herself in the sort of dire financial straits that appear to have motivated her offense and that will reduce the risk of infection to her and to others.
- Will live with sister and quarantine
- United States v. Body, 2020 WL 2745972, at *2 (N.D. Ill. May 27, 2020)

4

# Request to BOP for Compassionate Release.

In addition, Petitioner preserves for consideration the authority as follows: United States v. Chen, __ F. 4th __, No. 20-50333, 2022 WL 4231313, at *3 (9th Cir. Sept. 14, 2022). Chen also noted that in United States v. Aruda, 993 F. 3d 797, 801-02 (9th Cir. 2021), Concepcion v. United States, __ U.S. __, 142 S. Ct. 2389, 2396 (2022), and United States v. Favela, 1:94-cr-05044-DAD, Docket entry no. 649 (ED CA filed Sept. 23, 2022).

I am at age 59 but would be resuming or would like to resume work.

My medical Records are available. Additionally, any information can be obtained via Unit Manager or Case Manager.

Should you require any additional information, please do not hesitate in asking or contacting me.

For the above stated facts and reasons, I am respectfully requesting prioritization of Home Confinement (Reduction in Sentence) as directed by Attorney General William Barr via Memorandum dated March 26, 2020, and following Bills and Acts.

In closing, I would like to thank you for your consideration in this matter.


Dated October 28, 2022.



Respectfully submitted

**CLARENCE REMBLE**
Reg. No. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

**Request to BOP for Compassionate Release.**



March 8, 2022

### RESPONSE TO INMATE REQUEST TO STAFF

SUBJECT:   Reduction in Sentence

RE:   Remble, Clarence
Reg. No.: 32120-112

This is in response to your Inmate Request to Staff dated February 21, 2022. You requested a reduction in sentence (RIS) based on Extraordinary or Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.   BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Your request has been evaluated consistent with this general guidance.

Challenges to an inmate's sentence length directly related to their conviction are not considered extraordinary or compelling circumstances by the Bureau of Prisons. These challenges should be addressed by the inmate either filing a direct appeal or an habeas corpus action. After careful consideration, your request is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

B. M. Antonelli, Complex Warden

Inmate Signature/Received Copy

3/10/2022
Date

3/14/22
Date



June 29, 2022

## RESPONSE TO INMATE REQUEST TO STAFF

SUBJECT:     Reduction In Sentence

RE:     Remble, Clarence
        Reg. No. 32120-112

This is in response to your Inmate Request to Staff dated June 22, 2022. You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

_____
Shannon D. Withers, Complex Warden

7-6-22
Date

_____
Inmate Signature/Received Copy

7-24-22
Date



March 8, 2022

## RESPONSE TO INMATE REQUEST TO STAFF

SUBJECT:    Reduction in Sentence

RE:    Remble, Clarence
Reg. No.: 32120-112

This is in response to your Inmate Request to Staff dated February 21, 2022. You requested a reduction in sentence (RIS) based on Extraordinary or Compelling Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.    BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Your request has been evaluated consistent with this general guidance.

Challenges to an inmate's sentence length directly related to their conviction are not considered extraordinary or compelling circumstances by the Bureau of Prisons. These challenges should be addressed by the inmate either filing a direct appeal or an habeas corpus action. After careful consideration, your request is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

B. M. Antonelli, Complex Warden

Inmate Signature/Received Copy

3/10/2022
Date

3/14/22
Date

Before completing this application, please review Program Statement 5050.50, Compassionate Release/Reduction in Sentence (RIS), available in the law library.

## REDUCTION IN SENTENCE APPLICATION

NAME *Florence Rembo* Unit: __L__ REG No. __32120-112__ Date: __6-22-22__

**WHO IS YOUR PHYSICIAN (circle):** Franco   Li   Bonnet-Engebretson   Venuto

**Choose One Criteria:** You can only apply under <u>one</u> criteria.

Extraordinary/Compelling Circumstances:

☐ **Medical Circumstances:**
  - ☐ Terminal Medical Condition – Terminal Diagnosis with 18 months or less life expectancy.
  - ☐ Debilitated Medical Condition – Illness that has you partially (50%) or completely (100%) disabled.

☐ **Elderly Inmates with a Medical Condition:**
  - ☐ "New Law" Elderly Inmates – Have to have served 30 years of a sentence.
  - ☐ Elderly with Medical Conditions – 65 yrs. old or older, a deteriorating medical condition, served 50% of your sentence.

☐ **Elderly Inmates without a Medical Condition:** - 65 yrs. old or older, Served 10 yrs. or 75% of your sentence (which is greater)

☐ **Death or Incapacitation of the Family Member Caregiver of an inmate's dependent child:** -provide verifiable documentation the child is "suddenly" without a caretaker, the family member is in an incapacitated state and is unable to care for the child.
☐ **Incapacitation of a Spouse or Registered Partner:** -Provide verifiable medical documentation of incapacitated state.

☑ **Other:**-Extraordinary and Compelling Circumstance

## To be filled out by Inmate:

Briefly describe your medical condition or extraordinary and compelling circumstance:

Medical conditions other then listed leave me vulnerable to covid-19, that are on the CDC's might and At Risk findings.

If you have applied before, has anything changed in your medical condition since your last application? _____

<u>Proposed Release Plan</u> (must have ALL of the following):

Name and contact information of who you will live with: Rochelle Hamilton  310 920-6101

When was the last time you spoke to this person concerning your release plan? 6-25-22

Is this person willing to care for you? YES

Address of where you will be living: 1408 S. Burris Ave Compton, CA 90221

Where will you receive your medical treatment (if applicable)? _____

How will you pay for your treatment (if applicable)? _____

Additional Comments: _____

_____

_____

_____

Rev 4/20

A/B UNIT
RECEIVED
DATE: 6-29-2022



Exhibit B

```
   COFAN        *        INMATE DISCIPLINE DATA        *     10-01-2021
   PAGE 001 OF 001 * CHRONOLOGICAL DISCIPLINARY LOG (CONDENSED) *    10:45:09

   REGISTER NO: 32120-112 NAME..: REMBLE, CLARENCE
   FUNCTION...: PRT       FORMAT: CONDENSED LIMIT TO ___ MOS PRIOR TO 10-01-2021

   HEARING DT REPORT# PROHIBITED ACT / DESCRIPTION        SANCTION(STATUS) COMP LAW
   ---------- ------- --- ------------------------------ ---------------- ---- ---
   04-07-2020 3382703 297 PHONE ABUSE-DISRUPT MONITORING DIS GCT            010  P
                                                         LP COMM

   06-21-2019 3268872 305 POSSESSING UNAUTHORIZED ITEM   LP COMM

   09-14-2017 3032598 396 MAIL ABUSE-NO CIRCUMVENTION    LP OTHER

   05-12-2016 2842472 328 GIVING/ACCEPTNG MONEY W/O AUTH LP COMM
                      397 PHONE ABUSE - NO CIRCUMVENTION LP PHONE

   04-30-2014 2557567 201 FIGHTING WITH ANOTHER PERSON   DS      (SUSP)
                                                         LP COMM

   04-10-2014 2568286 310 BEING ABSENT FROM ASSIGNMENT   LP OTHER

   07-29-2013 2030873 328 GIVING/ACCEPTNG MONEY W/O AUTH LP VISIT

   10-16-2012 2361709 297 PHONE ABUSE-DISRUPT MONITORING DIS GCT            010  P
                      328 GIVING/ACCEPTNG MONEY W/O AUTH LP EMAIL
                                                         LP PHONE

   05-16-2012 2030873 (REHEARD 07-29-2013 1447)

   12-01-2011 2030873 (REHEARD 05-16-2012 0850)

   05-05-2011 2155013 297 PHONE ABUSE-DISRUPT MONITORING DS      (SUSP)
                                                         LP PHONE

   08-06-2010 2030873 (REHEARD 12-01-2011 1044)
```

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED



Exhibit C



# Individualized Needs Plan - Program Review (Inmate Copy)

**Dept. of Justice / Federal Bureau of Prisons**
Plan is for inmate: REMBLE, CLARENCE 32120-112

| | | |
|---|---|---|
| Facility: | COP COLEMAN I USP | |
| Name: | REMBLE, CLARENCE | |
| Register No.: | 32120-112 | |
| Age: | 59 | |
| Date of Birth: | 04-29-1963 | |

| | |
|---|---|
| Proj. Rel. Date: | 07-17-2035 |
| Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| DNA Status: | FLP01888 / 05-03-2011 |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| COP | REC SPEC | RECREATION SPEC DETAIL | 05-01-2021 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| COP | ESL HAS | ENGLISH PROFICIENT | 05-30-2007 |
| COP | GED HAS | COMPLETED GED OR HS DIPLOMA | 03-25-2009 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| VVM | C | SHU EXERCISE MENTAL HEALTH | 02-28-2021 | 03-12-2021 |
| VVM | C | SHU HANDBALL CLASS | 01-31-2021 | 02-12-2021 |
| VVM | C | SHU EATING TO WIN CLASS | 01-17-2021 | 01-29-2021 |
| VVM | C | SHU ATHLETES AND EFFICENTHEART | 12-20-2020 | 01-01-2021 |
| VVM | C | SHU SKELETAL SYSTEM CLASS | 10-11-2020 | 10-23-2020 |
| VVM | C | SHU STRETCHING CLASS | 09-09-2020 | 09-18-2020 |
| VVM | C | LOCKDOWN MUSCULAR FLEXIBILITY | 05-04-2020 | 05-18-2020 |
| VVM | C | BEGINNERS GREETING CARD CLASS | 10-27-2019 | 12-09-2019 |
| VVM | C | BEG LEATHER CLASS | 03-08-2019 | 04-21-2019 |
| VVM | C | TRUTH ABOUT DRUGS | 11-19-2018 | 02-11-2019 |
| VVM | C | BEGINNERS WELLNESS CLASS | 08-11-2018 | 09-15-2018 |
| VVM | C | CORE STABILITY TRAINING (C1) | 08-08-2018 | 09-12-2018 |
| VVM | C | BEG STRONGER ABS/BACK (C1) | 08-11-2018 | 09-15-2018 |
| VVM | C | NUTRITION CLASS (C1) | 06-16-2018 | 07-21-2018 |
| VVM | C | BODY FAT TESTING TRAINING(C1) | 06-16-2018 | 07-21-2018 |
| VVM | C | BEG STRONGER ABS/BACK (C1) | 06-16-2018 | 07-21-2018 |
| VVM | C | VT HORTICULTURE, 0730-1030 | 04-02-2018 | 08-25-2018 |
| VVM | C | CORE STABILITY TRAINING (C1) | 04-16-2018 | 05-21-2018 |
| VVM | C | PUBLIC SPEAKING CLASS | 02-20-2018 | 04-17-2018 |
| VVM | C | LEADERSHIP CLASS | 02-22-2018 | 04-17-2018 |
| VVM | C | ANATOMY CLASS | 02-04-2018 | 03-11-2018 |
| VVM | C | SPORTS INJURY WELLNESS CLASS | 02-03-2018 | 03-10-2018 |
| VIP | C | STRONGER ABS/BACK INSTRUCTION | 03-18-2017 | 07-21-2017 |
| VVM | C | RPP FCC AIDS AWARENESS (C1) | 10-19-2016 | 10-19-2016 |
| MCR | C | BASIC ART M-F 5-7P | 10-06-2014 | 12-18-2014 |
| MCR | C | CROCHET CLASS WED/THURS 6-8 P | 05-01-2014 | 08-09-2014 |
| MCR | C | BEGINNING SKETCH CLASS | 04-30-2014 | 08-08-2014 |
| MCR | C | PARENTING 1 THURS 6-8 PM | 02-24-2014 | 06-05-2014 |
| MCR | C | BEGINNING SKETCH CLASS | 01-13-2014 | 03-12-2014 |
| MCR | C | REAL ESTATE FRI 12:40-2:40 | 12-02-2013 | 12-23-2013 |
| LEE | C | RPP5 RPP ORIENTATION | 07-23-2013 | 07-23-2013 |
| LEE | C | RPP1 AIDS AWARENESS | 07-23-2013 | 07-23-2013 |
| BMP | C | PERSONAL FINANCE 1230-1430 CT3 | 08-26-2012 | 10-21-2012 |
| BMP | C | REAL ESTATE,SAT, 1:30PM CT2 | 08-25-2012 | 10-20-2012 |
| BMP | C | MUTUAL FUNDS,WED 6:30PM CT3 | 08-22-2012 | 10-17-2012 |
| BMP | C | BUSINESS MATH,TUES,630PM CT3 | 08-21-2012 | 10-22-2012 |
| FLP | C | FIL REV T/6-8 PM | 02-13-2012 | 05-01-2012 |

**Individualized Needs Plan - Program Review** (Inmate Copy)  **SEQUENCE: 00359788**
Dept. of Justice / Federal Bureau of Prisons  **Team Date: 11-08-2022**
Plan is for inmate: REMBLE, CLARENCE  32120-112



| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| FLP | C | DISCOVERING ANCIENT WONDERS | 02-13-2012 | 05-01-2012 |
| FLP | C | ENGINEERING AN EMPIRE | 02-12-2012 | 05-01-2012 |
| FLP | C | PUTTING THE BARS BEHIND YOU | 03-27-2012 | 04-24-2012 |
| FLP | C | EMPLOYMENT BARRIERS | 02-14-2012 | 03-21-2012 |
| FLP | C | RESUME WRITING RPP | 03-14-2012 | 03-14-2012 |
| FLP | C | PRE-RELEASE | 01-05-2012 | 02-07-2012 |
| FLP | C | PARENTING YELLOW SIDE | 06-02-2011 | 08-26-2011 |
| FLP | W | BASIC GED M-F 2-3:30 | 02-27-2009 | 03-25-2009 |
| FLP | W | GED WOOLSTON 200PM | 10-30-2008 | 02-27-2009 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|--------------|-----------------|

** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS **

### Current Care Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| CARE1-MH | CARE1-MENTAL HEALTH | 07-07-2010 |
| CARE2 | STABLE, CHRONIC CARE | 08-26-2013 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| PAPER | LEGACY PAPER MEDICAL RECORD | 08-09-2021 |
| REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 05-06-2015 |
| YES F/S | CLEARED FOR FOOD SERVICE | 05-06-2015 |

### Current Drug Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| ED NONE | DRUG EDUCATION NONE | 03-21-2007 |

### FRP Payment Plan

Most Recent Payment Plan

**FRP Assignment:**   **PART**    **FINANC RESP-PARTICIPATES**    Start: 04-30-2021

**Inmate Decision:**   **AGREED**    **$100.00**    Frequency: **QUARTERLY**
Payments past 6 months:   **$200.00**    Obligation Balance: **$98,300.00**

Financial Obligations

| No. | Type | Amount | | Balance | Payable | | Status | |
|-----|------|--------|--|---------|---------|--|--------|--|
| 1 | ASSMT | $100.00 | | $0.00 | IMMEDIATE | | COMPLETEDZ | |
| | | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | | | |
| 2 | FINE | $100,000.00 | | $98,300.00 | IMMEDIATE | | AGREED | |
| | | Adjustments: | Date Added | Facl | Adjust Type | Reason | | Amount |
| | | | 09-13-2022 | COP | PAYMENT | INSIDE PMT | | $100.00 |
| | | | 06-14-2022 | COP | PAYMENT | INSIDE PMT | | $100.00 |

### FRP Deposits

Trust Fund Deposits - Past 6 months:   $2,956.60    Payments commensurate ?  Y

New Payment Plan:   ** No data **

### Current FSA Assignments

| Assignment | Description | Start |
|------------|-------------|-------|
| FTC INELIG | FTC-INELIGIBLE-REVIEWED | 04-26-2022 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 04-26-2022 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 10-27-2022 |
| N-COGNTV N | NEED - COGNITIONS NO | 10-27-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-28-2021 |
| N-EDUC N | NEED - EDUCATION NO | 04-26-2022 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 04-26-2022 |



Dept. of Justice / Federal Bureau of Prisons

**Team Date: 11-08-2022**

Plan is for inmate: REMBLE, CLARENCE 32120-112

| Assignment | Description | Start |
|---|---|---|
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 04-26-2022 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 04-26-2022 |
| N-MEDICL Y | NEED - MEDICAL YES | 04-26-2022 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 04-26-2022 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 04-26-2022 |
| N-TRAUMA Y | NEED - TRAUMA YES | 04-26-2022 |
| N-WORK Y | NEED - WORK YES | 04-26-2022 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 11-07-2022 |

## Progress since last review

You have not followed your Unit Team last recommendations. Unit Team recommended you to enroll in at least one recreation or psychology program.

## Next Program Review Goals

Enroll in an Adult Continuation Education class of your choice and make satisfactory progress in the Occupational Education program by November 2022, with a completion date of May 2023. These classes range from Coping with Prison Stress to Healthy and Unhealthy Relationships. If those classes are not available, take the available classes that are offered. These classes will be beneficial to you.

## Long Term Goals

Enroll and complete the Challenge program by December 2027.
Complete all six phases of the Release Preparation Program (RPP) prior to your release from BOP custody. Save ten percent of all incoming money to help facilitate with release expenses starting November 2022 to be completed by July 2035.

## RRC/HC Placement

No.
Management decision - Will review 17-19 months out. .
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

## Comments

During your term of incarceration, you have been recommended the following as a program plan:
A) Maintain clear conduct throughout your term of
   incarceration.
B) Maintain family and community ties by utilizing letters,
   telephone privileges, and visitation privileges.
C) Develop and implement a long-term plan for saving money.
D) Complete educational and vocational programs to develop
   marketable job skills.
E) Maintain a healthy lifestyle thru regular exercise,
   good diet, and good hygiene. Also maintain a high level
   of cell sanitation.
F) If applicable, complete/or make significant progress in
   completing payment of financial obligations during your
   term of incarceration.
G) Develop a high standard of dependability during your
   incarceration by finding and maintaining a steady job
   assignment, being punctual to work, completing all
   assigned task in a timely manner, taking pride in your
   work, and maintaining outstanding work evaluations.
H) Take advantage of and participate in available programs
   during your term of incarceration such as religious
   programs, drug treatment, mental health counseling,
   recreational activities, and educational programs, to
   help better yourself as an individual.


|  | |
|---|---|
| Name: | REMBLE, CLARENCE |
| Register No.: | 32120-112 |
| Age: | 59 |
| Date of Birth: | 04-29-1963 |

DNA Status:  FLP01888 / 05-03-2011

_____

Inmate    (REMBLE, CLARENCE, Register No.: 32120-112)

_____

Date

_____                    _____

Unit Manager / Chairperson                            Case Manager

_____                    _____

Date                                                  Date

REGNO..: 32120-112 NAME: REMBLE, CLARENCE

```
FBI NO...........: 487648AA9          DATE OF BIRTH: 04-29-1963  AGE:  59
ARS1.............: COP/A-DES
UNIT.............: L/M                QUARTERS.....: L02-206L
DETAINERS........: NO                 NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 01-17-2035

THE INMATE IS PROJECTED FOR RELEASE: 07-17-2035 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: OHIO, SOUTHERN DISTRICT
DOCKET NUMBER...................: 1:05-CR-113-001
JUDGE...........................: BECKWITH
DATE SENTENCED/PROBATION IMPOSED: 01-18-2007
DATE COMMITTED..................: 03-12-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                    FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.: $100.00           $00.00         $100,000.00  $00.00
```

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....: 409      21:841 & 846 SEC 841-851
OFF/CHG: 21:846 & 841 (A)(1)&(B)(1)(A) CONSP TO PWITD AND DIST IN
         EXCESS OF 50 GMS OF METH, IN EXCESS OF 50 GMS OF COCAINE BASE,
         IN EXCESS OF 500 GMS OF COCAINE, AND  AN AMOUNT OF MARIJUANA
```

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
TERM OF SUPERVISION............:      5 YEARS
NEW SENTENCE IMPOSED...........:    420 MONTHS
BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
DATE OF OFFENSE................: 10-01-2003
```

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 32120-112 NAME: REMBLE, CLARENCE


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-26-2021 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-29-2015 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-18-2007
TOTAL TERM IN EFFECT............: 420 MONTHS
TOTAL TERM IN EFFECT CONVERTED..: 35 YEARS
EARLIEST DATE OF OFFENSE........: 10-01-2003

JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                     07-27-2005   01-17-2007

TOTAL PRIOR CREDIT TIME.........: 540
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1836
TOTAL GCT EARNED................: 864
STATUTORY RELEASE DATE PROJECTED: 07-17-2035
ELDERLY OFFENDER TWO THIRDS DATE: 11-26-2028
EXPIRATION FULL TERM DATE.......: 07-26-2040
TIME SERVED.....................:    17 YEARS     3 MONTHS     4 DAYS
PERCENTAGE OF FULL TERM SERVED..: 49.3
PERCENT OF STATUTORY TERM SERVED: 57.5

PROJECTED SATISFACTION DATE.....: 07-17-2035
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: DGA LIFE TO 420M.F/PMM;4-8-20 DGCT27.F/CLR;10-22-20 DGCT41.
                F/JTP; 5-26-21 DIS 41D RESTORED F/BNB;




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

## (A) IDENTIFYING DATA

REG NO..: 32120-112              FORM DATE: 04-18-2022              ORG: DSC
NAME....: REMBLE, CLARENCE

                                 MGTV: POP MGT
PUB SFTY: SENT LGTH              MVED: 04-18-2023

## (B) BASE SCORING

DETAINER: (0) NONE               SEVERITY.......: (3) MODERATE
MOS REL.: 158                    CRIM HIST SCORE: (10) 14 POINTS
ESCAPES.: (0) NONE               VIOLENCE.......: (3) 5-10 YRS MINOR
VOL SURR: (0) N/A                AGE CATEGORY...: (0) 55 AND OVER
EDUC LEV: (0) VERFD HS DEGREE/GED   DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS

## (C) CUSTODY SCORING

TIME SERVED.....: (4) 26-75%     PROG PARTICIPAT: (1) AVERAGE  (+1) take 2 classes
LIVING SKILLS...: (2) GOOD       TYPE DISCIP RPT (5)(2A) 1 HIGH (+3) comes off 4/20/22
FREQ DISCIP RPT.: (3) NONE       FAMILY/COMMUN..: (4) GOOD

## --- LEVEL AND CUSTODY SUMMARY ---

BASE CUST VARIANCE  SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY  CONSIDER
+16  +16     0        +16       MEDIUM        N/A             IN      SAME


G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

# FSA Recidivism Risk Assessment (PATTERN 01.03.00)

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| Register Number: 32120-112 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (34) |
|   Last.........: REMBLE |   Violent Level......: R-LW (20) |
|   First........: CLARENCE | Security Level Inmate: MEDIUM |
|   Middle.......: | Security Level Facl..: HIGH |
|   Suffix.......: | Responsible Facility.: COP |
| Gender.........: MALE | Start Incarceration..: 01/18/2007 |

## PATTERN Worksheet Summary

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 59 | 7 | 4 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 14 | 40 | 15 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 3 | 3 | 6 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 6 | 3 | 3 |
| Serious Incident Reports (120 Months) | 2 | 2 | 2 |
| Time Since Last Incident Report | 31 | 0 | 0 |
| Time Since Last Serious Incident Report | 31 | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 12 | -12 | -4 |
| Work Programs | 1 | -1 | -1 |
| | Total | 34 | 20 |







SPOKANE PNDC 992

WED 30 NOV 2022 PM

CLAREN~~~ ~~~~~~
REG. NO. 32120-112
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
OHIO
COURTHOUSE ROOM 103
100 EAST FIFTH STREET
CINCINNATI, OHIO 45202