IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:05-cr-113-1 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for Reduction |
| Clarence Remble, | : | of Sentence Under 18 U.S.C. |
| | : | § 3582(c)(1)(A) |
| Defendant. | : | |

This matter is before the Court on the Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Clarence Remble. (Doc. 1013.) Remble seeks a reduction of sentence, or compassionate release, on the basis of purported extraordinary and compelling circumstances. The Government has filed a Response in opposition. (Doc. 1018.) For the reasons that follow, the Court will **DENY** Remble's Motion.

I.     PROCEDURAL HISTORY

In July 2006, a jury convicted Remble of conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of methamphetamine, in excess of 50 grams of cocaine base ("crack"), in excess of 500 grams of cocaine, and an amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), (B), and (D). (Doc. 410 at PageID 1260.) Then-Chief Judge Sandra S. Beckwith sentenced Remble in January 2007 to life imprisonment after finding that he had a total offense level of 44 and a criminal history category of VI. (Docs. 608–610.) Of note, she held Remble responsible for conspiring to distribute at least 15 kilograms of crack cocaine and 1,116.38 grams of methamphetamine. (Doc. 638 at PageID 4008–4009; PSR at p.13.)

Following two appeals and several motions to reduce Remble's sentence, Judge Beckwith

issued an Order Granting Motion to Reduce Sentence based on the retroactive application of Amendment 782 of the Sentencing Guidelines. (Doc. 932.) She determined at his 2015 re-sentencing that Remble's amended total offense level was 42 and his criminal history category remained at VI. (Doc. 933 at PageID 5376.) The amended sentencing range was 360 months (30 years) imprisonment to life imprisonment. (*Id.*) Judge Beckwith reduced Remble's sentence from a term of life imprisonment to a term of 420 months (35 years). (Doc. 932.)

The case was reassigned to this Court in 2017. (Doc. 958.) Subsequently, Remble again moved the Court to reduce his sentence, this time pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018). (Doc. 989, 992.) A United States Probation Officer prepared a Presentence Report Addendum ("PSR Addendum") at the request of the Court. (Doc. 998-1.) Also, the Court appointed counsel to represent Remble in regard to that matter. (Doc. 1002.) After supplemental briefing, the Court issued an Order on July 22, 2021 denying Remble a reduction of sentence based on the First Step Act. (Doc. 1012.) The Court in that Order re-examined the 18 U.S.C. § 3553(a) sentencing factors and determined that 420 months remained the appropriate sentence for Remble even if he was categorically eligible for a reduced sentence under the First Step Act. (*Id.* at PageID 5741.)

Remble now moves for a reduction of sentence, or compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). He requests appointment of counsel to represent him in this matter. The Government has filed a Response urging the Court to deny Remble's Motion. Remble, age 59, is incarcerated at USP Atlanta, a low security penitentiary, with a current estimated release date of July 17, 2035. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 3/13/2023).

## II.  STANDARDS GOVERNING MOTIONS FOR COMPASSIONATE RELEASE

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101,

3

1108 (6th Cir. 2020).¹ "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* Nonetheless, the Sixth Circuit recognizes two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.* at 562; *see also United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (*en banc*) (resolving intra-Circuit split on the non-retroactive changes in law issue). More generally, the Sixth Circuit has emphasized that extraordinary and compelling reasons must be "unusual, rare, and forceful" as opposed to "ordinary and routine." *McCall*, 56 F.4th at 1055.

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider nonretroactive changes in law

---

¹ The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

4

relevant to sentencing as part of their weighing of the § 3553(a) sentencing factors. *Hunter*, 12 F.4th at 568–569. District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

Preliminarily, the Court will not appoint an attorney to represent Remble in these proceedings. Generally, an indigent criminal defendant's right to counsel extends only to the first appeal as of right. *See Coleman v. Thompson,* 501 U.S. 722, 755–756 (1991). Defendants have no constitutional right to counsel in 18 U.S.C. § 3582(c) proceedings. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).

Turning to the substantive analysis, Remble has satisfied the administrative exhaustion requirements. (Doc. 1013 at PageID 5764–5765.) The Court, therefore, will address the other § 3582(c)(1)(A) factors. First, Remble argues that the following circumstances constitute extraordinary and compelling justifications for his compassionate release under § 3582(c)(1)(A)(i): (1) he is experiencing mental and physical health issues, (2) he is the only caretaker available for his elderly mother, and (3) he has made efforts towards rehabilitation. The Court finds, however, that these circumstances are not sufficient to meet the high threshold of being extraordinary and compelling whether considered separately or jointly.

Remble asserts that he suffers from respiratory issues, high cholesterol, and mental health issues. He further asserts that he is at special risk if he contracts COVID-19 or monkeypox. However, he does not support these assertions with medical records nor provide details regarding his alleged conditions. *See United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (explaining that district courts can deny motions for compassionate release when movants do not submit medical records in support). Moreover, because COVID-19 vaccinations are

available to federal prisoners, the COVID-19 pandemic does not constitute an extraordinary and compelling reason for an inmate's release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (a defendant does not present an extraordinary and compelling reason for sentence reduction on the basis of the risks of serious illness from COVID-19 where he has access to the COVID-19 vaccine); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (following *Lemons*; affirming denial of compassionate release motion to a fully vaccinated inmate with hypertension and obesity); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (following *Lemons* and denying compassionate release to an inmate who was fully vaccinated).

Next, Remble's assertion that he needs to be a caretaker for his mother is not a suffient basis to grant a reduction in sentence. While the Court is sympathetic to his mother's situation, an inmate's incarceration frequently creates an unfair hardship on their extended family members, and such circumstances are not extraordinary. *See United States v. Villasenor*, No. 21-3477, 2021 WL 5356032, at *1 (6th Cir. Nov. 17, 2021) (stating that the need to provide care to a dependent mother is not extraordinary); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio June 16, 2019) (holding that an inmate with no other relative to care for his sick and aging parents is not extraordinary). Finally, Remble's efforts at rehabilitation are not unique or extraordinary, and they do not satisfy the high standard of § 3582(c)(1)(A)(i).

Additionally, even if Remble had established extraordinary and compelling reasons for his early release, the Court again concludes that a reduction of sentence would not be appropriate in light of the § 3553(a) factors. Beginning with § 3553(a)(1), Remble's history and characteristics weigh in favor of a sentence at the high end of the sentencing range. He is a career offender. Prior to the offenses for which he is sentenced here, Remble was convicted of

multiple robberies in which he used weapons, possession of crack cocaine, possession of weapon in a courthouse and making threats against a police officer, and possession of a firearm. (PSR at p. 16–18.) He was the leader and organizer of the criminal activity for which more than 20 defendants were indicted in the instant case. (*Id.* at p. 5–11, 14.) He organized a multi-state drug distribution network and set up drug distribution cells in multiple cities in Ohio. (*Id.*) He also attempted to obstruct justice during his pretrial detention in this case by offering to bribe one co-defendant to not cooperate and by physically threatening another defendant if he did testify. (*Id.* at p. 12–13.) He did not accept responsibility for the offense. (*Id.* at p. 14.)

In June 2021 in regard to a previous matter, Remble's then appointed attorney offered a brief accounting of his personal and family history, based apparently on unsworn statements by his sister, his cousin, and a friend, to give context to his criminal history. Remble's mother abused alcohol and his father was a criminal who brought him along during two liquor store robberies when he was a child. Remble worked as a longshoreman as an adult when he was not incarcerated. He has three grown children and multiple grandchildren. Finally, he is worried about the health of his elderly mother. (Doc. 1010 at PageID 5725–5726.) Not all of these alleged facts were in the initial PSR, but that likely is because Remble declined to be interviewed by the Probation Officer at the time of sentencing in 2006. (PSR at p. 20.) Nonetheless, then-Chief Judge Beckwith was aware at the time of sentencing that Remble was close to his mother and that he had three children. (*Id.* at p. 21.)

Remble's conduct in prison has been mixed. He has completed his GED and taken other educational courses, but he also has incurred a host of relatively minor disciplinary sanctions, including one for fighting in 2014 and one for possession of drugs or alcohol in 2020. (Doc. 998-1 at PageID 5693.) In sum, the Court finds that Remble's personal history and

characteristics do not weigh in favor of a reduction in his sentence.

The nature and circumstances of the offense also weigh against reducing the 420-month sentence. Again, Remble organized a more than 20-defendant conspiracy to traffic drugs from California to Ohio. The relevant offense conduct involved at least 15 kilograms of crack cocaine and 1,116.38 grams of methamphetamine. Both of these drug amounts exceed the amounts for which the higher statutory minimum sentences are authorized by 21 U.S.C. § 84l(b)(l)(A). Turning to the § 3553(a)(2) factors, a sentence at the highest end of the sentencing range reflects the seriousness of the offense and is a just punishment. It promotes respect for the law, a factor given additional weight here since Remble attempted to obstruct justice by witness tampering during his pretrial detention. The long sentence serves to protect the public from further crimes given Remble's repeated criminal convictions beginning at the age of 16 in 1980 through the time of his arrest for this offense in 2005. Prior terms of imprisonment did not deter Remble from committing additional crimes. Even assuming Remble's risk of recidivism will be low, this factor does not outweigh the other factors that tip the scales against a reduction in Remble's sentence.

Finally, and contrary to Remble's argument, the sentencing disparity between Remble and his co-defendants was warranted. His co-defendants were entitled to lower sentences in part because they pleaded guilty to Count 1. Conversely, Remble did not plead guilty nor accept responsibility for his offense. He was identified as the overall leader and organizer of the conspiracy for which he was found guilty. He obstructed justice by attempting to interfere with the witnesses who were to testify against him. In sum, the Court concludes again that the § 3553(a) factors do not weigh in favor of a compassionate release.

IV. **CONCLUSION**

For the foregoing reasons, Remble's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 1013) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge