IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:05-cr-113-1 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Without Prejudice to |
| Clarence Remble, | : | Refiling Second Motion for |
| | : | Compassionate Release |
| Defendant. | : | |

This matter is before the Court on the second Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed *pro se* by Defendant Clarence Remble. (Doc. 1025.) Appointed defense counsel filed a Memorandum in Support, and the Government filed a Response opposing compassionate release. (Docs. 1038, 1040.) Remble seeks a reduction of sentence, or compassionate release, based on the 2023 amendment to United States Sentencing Guidelines ("U.S.S.G.") that authorizes compassionate release in limited circumstances when the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b)(6). The Government opposes compassionate release on both procedural and substantive grounds, including that Remble did not exhaust his administrative remedies prior to filing the motion. Because Remble has failed to exhaust his administrative remedies, the Court will **DENY WITHOUT PREJUDICE TO REFILING** his second Motion for Compassionate Release.

I. PROCEDURAL HISTORY

In July 2006, a jury convicted Remble of conspiracy to possess with intent to distribute and/or conspiracy to distribute in excess of 50 grams of methamphetamine, in excess of 50 grams of cocaine base ("crack"), in excess of 500 grams of cocaine, and an amount of marijuana. (Doc. 410 at PageID 1260.) Then-Chief Judge Sandra S. Beckwith sentenced Remble in January 2007

to life imprisonment after finding that he had a total offense level of 44 and a criminal history category of VI. (Docs. 608–610.) Of note, she held Remble responsible for conspiring to distribute at least 15 kilograms of crack cocaine and 1,116.38 grams of methamphetamine. (Doc. 638 at PageID 4008–4009; Presentence Report at p.13.)

In 2015, after two appeals and several motions to reduce Remble's sentence, Judge Beckwith issued an Order Granting Motion to Reduce Sentence based on the retroactive application of Amendment 782 of the Sentencing Guidelines. (Doc. 932.) She determined at the re-sentencing that Remble's amended total offense level was 42 and his criminal history category remained at VI. (Doc. 933.) The amended sentencing range was 360 months (30 years) imprisonment to life imprisonment. (*Id.*) Judge Beckwith reduced Remble's sentence from a term of life imprisonment to a term of 420 months (35 years) imprisonment. (Doc. 932.)

The case was reassigned to the Undersigned Judge in 2017. (Doc. 958.) Subsequently, Remble again moved the Court to reduce his sentence, this time pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018). (Doc. 989, 992.) A United States Probation Officer prepared a Presentence Report Addendum ("PSR Addendum") at the request of the Court. (Doc. 998-1.) Also, the Court appointed counsel to represent Remble in regard to that matter. (Doc. 1002.) After supplemental briefing, the Court issued an Order on July 22, 2021 denying Remble a reduction of sentence based on the First Step Act. (Doc. 1012.) The Court in that Order re-examined the 18 U.S.C. § 3553(a) sentencing factors and determined that 420 months remained the appropriate sentence for Remble even if he was categorically eligible for a reduced sentence under the First Step Act. (*Id.* at PageID 5741.)

Next, in December 2022, Remble moved for a reduction of sentence, or compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the risks posed by COVID-19 in prison

and so that he could be a caretaker for his mother. (Doc. 1013.) The Government filed a Response urging the Court to deny Remble's Motion. (Doc. 1018.) The Court issued an Order in March 2023 denying Remble a reduction in sentence for three reasons. (Doc. 1019.) First, Remble did not prove that he was at special risk from COVID-19, particularly in light of the availability of vaccination. (*Id.* at PageID 5803–5804.) Second, Remble's assertion that he needed to be a caretaker for his mother was not an extraordinary or compelling reason for compassionate release under the law at that time. (*Id.* at PageID 5804.) Finally, the Court found that a reduction of Remble's sentence was not appropriate in light of the § 3553(a) sentencing factors. (*Id.* at PageID 5804–5806.)

Now, Remble has moved for compassionate release pursuant to U.S.S.G. § 1B1.13(b)(6). The new provision of the Sentencing Guidelines provides as follows:

> **Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Remble, age 61, is incarcerated at Oakdale FCI, a low security penitentiary, with a current estimated release date of August 27, 2034. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 6/10/2024).

## II. STANDARDS GOVERNING MOTIONS FOR COMPASSIONATE RELEASE

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—

>(1) in any case—
>
>(A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).

Exhaustion of administrative remedies is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). The exhaustion requirement "serves important interests" including that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835. Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[1]

---

[1] The Sixth Circuit determined in *Jones* that the only policy statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 to make clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

### III. ANALYSIS

Remble's Motion suffers a fatal procedural flaw.  He has not asserted nor provided any evidence that he exhausted administrative remedies prior to filing the pending motion.  Remble made earlier administrative requests in 2022 for a reduction in sentence based on COVID-19, but these requests did not serve to exhaust his administrative remedies as to the new arguments based on U.S.S.G. § 1B1.13(b)(6).  *See United States v. Goodwin*, No. 17-20018, 2020 WL 7316110, at *1 (E.D. Mich. Dec. 10, 2020) (stating that if the "defendant now wants to advance a new request based on 'new information' that never previously has been presented either to prison authorities or to the Court, then . . . he must exhaust available administrative remedies before seeking judicial review"); *United States v. Baez*, No. 2:17-cv-20631-2, 2020 WL 5878219, at *1 (E.D. Mich. Oct. 2, 2020) (stating that exhaustion requires giving the BOP a chance to review the same claims that will be raised in the federal court filing).  The Court must deny the Motion without prejudice because Remble failed to exhaust his administrative remedies.  *Alam*, 960 F.3d at 836.

### IV. CONCLUSION

For the foregoing reasons, Remble's second Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 1025) is **DENIED WITHOUT PREJUDICE TO REFILING AFTER REMBLE EXHAUSTS ADMINISTRATIVE REMEDIES**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge