IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:05-cr-113-1 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Third Motion for |
| Clarence Remble, | : | Compassionate Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on the third Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) filed *pro se* by Defendant Clarence Remble. (Doc. 1042.)[1] The Government filed a Response opposing any reduction in sentence for Remble, to which Remble filed a Reply. (Docs. 1045, 1046.) For the reasons below, the Court will deny Remble's third Motion for Compassionate Release.

## I. PROCEDURAL HISTORY

In July 2006, a jury convicted Remble of conspiracy to possess with intent to distribute and/or conspiracy to distribute in excess of 50 grams of methamphetamine, in excess of 50 grams of cocaine base ("crack"), in excess of 500 grams of cocaine, and an amount of marijuana. (Doc. 410 at PageID 1260.) Then-Chief Judge Sandra S. Beckwith sentenced Remble in January 2007 to life imprisonment after finding that he had a total offense level of 44 and a criminal history category of VI. (Docs. 608–610.) Of note, she held Remble responsible for conspiring to distribute at least 15 kilograms of crack cocaine and 1,116.38 grams of methamphetamine. (Doc.

---

[1] Remble characterized this latest motion as the refiled Second Motion for Compassionate Release. He previously filed Motions for Compassionate Release on December 6, 2022 and January 2, 2024. (Docs. 1013, 1025.) The Court denied the first Motion on the merits on March 16, 2023. (Doc. 1019.) The Court denied the second Motion without prejudice to refiling because Remble did not first exhaust his administrative remedies. (Doc. 1041.) To keep the record clear, the Court will refer to the pending motion as Remble's third Motion for Compassionate Release.

638 at PageID 4008–4009; Presentence Report at p.13.)

In 2015, after two appeals and several motions to reduce Remble's sentence, Chief Judge Beckwith issued an Order Granting Motion to Reduce Sentence based on the retroactive application of Amendment 782 of the Sentencing Guidelines. (Doc. 932.) She determined at the re-sentencing that Remble's amended total offense level was 42 and his criminal history category remained at VI. (Doc. 933.) The amended sentencing range was 360 months (30 years) imprisonment to life imprisonment. (*Id.*) Chief Judge Beckwith reduced Remble's sentence from a term of life imprisonment to a term of 420 months (35 years) imprisonment. (Doc. 932.)

The case was reassigned to the Undersigned Judge in 2017. (Doc. 958.) Subsequently, Remble again moved the Court to reduce his sentence, this time under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018). (Doc. 989, 992.) A United States Probation Officer prepared a Presentence Report Addendum ("PSR Addendum") at the request of the Court. (Doc. 998-1.) And the Court appointed counsel to represent Remble in regard to that matter. (Doc. 1002.) After supplemental briefing, the Court issued an Order on July 22, 2021 denying Remble a reduction of sentence based on the First Step Act. (Doc. 1012.) The Court in that Order re-examined the 18 U.S.C. § 3553(a) sentencing factors and determined that 420 months remained the appropriate sentence for Remble even if he was categorically eligible for a reduced sentence under the First Step Act. (*Id.* at PageID 5741.)

Next, in December 2022, Remble filed his first Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the risks posed by COVID-19 in prison and so that he could be a caretaker for his mother. (Doc. 1013.) The Government filed a Response urging the Court to deny Remble's Motion. (Doc. 1018.) The Court issued an Order in March 2023 denying Remble a reduction in sentence for three reasons. (Doc. 1019.) First, Remble did

2

not prove that he was at special risk from COVID-19, particularly in light of the availability of vaccination. (*Id.* at PageID 5803–5804.) Second, Remble's assertion that he needed to be a caretaker for his mother was not an extraordinary or compelling reason for compassionate release under the law at that time. (*Id.* at PageID 5804.) Finally, the Court found that a reduction of Remble's sentence was not appropriate in light of the § 3553(a) sentencing factors. (*Id.* at PageID 5804–5806.)

Next, Remble filed his second Motion for Compassionate Release on January 2, 2024 (Doc. 1025.) Upon the recommendation of the Public Defender, the Court appointed counsel to represent Remble. (Doc. 1028). Defense counsel filed a Memorandum in Support. (Doc. 1038.) Remble mostly argued that a reduction of sentence, or compassionate release, was appropriate based on the 2023 amendment to United States Sentencing Guidelines that authorizes compassionate release in limited circumstances when a defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b)(6). The amended Sentencing Guideline provides as follows:

> Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). He also argued again that compassionate release was appropriate under Sentencing Guideline § 1B1.13(3)(C) to allow him to provide care for his mother.

The Government opposed compassionate release on both procedural and substantive grounds, including that Remble did not exhaust his administrative remedies before filing for compassionate release a second time. (Doc. 1040.) The Court also received notice in the form of an April 22, 2024 letter from Dr. Linda Thierry that Remble's mother had passed away. (Doc.

1039.) On June 12, 2024, the Court denied the second Motion for Compassionate Release without prejudice to refiling because Remble had not exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Doc. 1041.)

Remble filed the pending third Motion for Compassionate Release on August 1, 2024 after exhausting his administrative remedies. (Doc. 1042.) He asserted several bases for compassionate release, or a reduction of his sentence, including that he received an unusually long sentence and, inexplicably, that he needed to provide care for his already-deceased mother. (*Id.*) The Government again opposed compassionate release or a reduction of sentence for Remble. (Doc. 1045.) In his Reply, Remble acknowledged that his mother was deceased, but he argued that the Court should consider the fact that he could not help his family provide care for her at the end of her life as a basis for relief.

Remble, age 61, is incarcerated at Oakdale FCI, a low security penitentiary, with a current estimated release date of August 27, 2034. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 10/1/2024).

## II. STANDARDS GOVERNING MOTIONS FOR COMPASSIONATE RELEASE

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with

> or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

When the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F.

---

[2] The Sixth Circuit determined in *Jones* that the only policy statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 to make clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

App'x 187, 188 (6th Cir. 2020). Also, district courts can consider nonretroactive changes in law relevant to sentencing as part of their weighing of the § 3553(a) sentencing factors. *Hunter*, 12 F.4th at 568–569. District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

#### A. Extraordinary and Compelling Reason and the Sentencing Guideline Policy Statement

Remble has the initial burden to establish that extraordinary and compelling reasons exist for a reduction in sentence and that a reduction in sentence is consistent with the policy statement in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A)(i). He first argued that he required a reduction in his sentence so that he can provide care for his mother. However, as stated above, Remble's mother passed away before Remble filed the pending motion. (Doc. 1039; Doc. 1045-1 at PageID 6023.) When the deceptive nature of his argument was established with evidence, Remble pivoted to argue that "the suffering and strain" imposed on his family during his mother's illness qualified as an extraordinary and compelling reason to reduce his sentence. (Doc. 1046 at PageID 6029.) His argument fails. Unfortunately, the hardships faced by the families of defendants justly sentenced to long terms of imprisonment are common, not extraordinary. Family members often struggle to fill the void created when the incarcerated individual is unable to provide financial or practical assistance for their day-to-day needs. The policy statement in Sentencing Guideline § 1B1.13(b)(3)(C) that permits consideration of the family circumstances of the defendant—primarily when he is the sole caregiver for an incapacitated child, spouse, or parent—cannot be interpreted to apply as a basis to reduce the sentence of every defendant who mourns the death of a family member during their incarceration.

6

Remble next argued that his "usually long sentence" constitutes an extraordinary and compelling reason for a reduction in sentence under the Sentencing Guidelines policy statement contained in § 1B1.13(b)(6).  Section 1B1.13(b)(6) provides:

> Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> * * *
>
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).  Although Remble has been incarcerated for more than 10 years, he did not identify a specific change in law that produced a gross disparity between the sentence that was imposed and that which would likely be imposed were he sentenced today.[3]

Remble's third argument was that he was improperly sentenced as a career offender under Sentencing Guideline § 4B1.1(a).  However, the Presentence Investigation Report ("PSR") explains that Remble's offense level was not based on his career offender status because the "offense level generated by Chapters Two and Three [was] higher" than the career offense level.  (PSR at p. 14–15.)  Likewise, he had a criminal history category of VI based on his criminal history points regardless of the career offender status determination.  (PSR at p. 18.)  Therefore, Remble's arguments based on his career offender designation are not an extraordinary and compelling basis to reduce his sentence.

---

[3] In the second Motion for Compassionate Release, which was denied on procedural grounds, Remble's appointed counsel argued that Remble would be sentenced at a lower offense level based on the Guidelines for converted drug weight today.  (Doc. 1038 at PageID 5940.)  However, as explained by the Government in its Response, counsel's drug weight calculation was simply incorrect.  (Doc. 1040 at PageID 5954–5955.)  The Court agrees that Remble would not receive a lower offense level calculation today.

Remble's fourth argument—that he is eligible for a lower sentencing range based on the amount of crack cocaine under the First Step Act—repeated the one he made in the Motion for Reduced Sentence filed on August 5, 2019. (Doc. 989.) The Court denied him a reduced sentence on this basis. (Doc. 1012.) In the Order, the Court assumed that "Remble is eligible . . . to be resentenced within the lower sentencing range of 5 years to 40 years imprisonment under § 841(b)(l)(B)(iii)." (*Id.* at PageID 5736.) The Court pointed out that the current sentence of 420 months (35 years) falls within that range. (*Id.* at PageID 5738.) The Court then declined to reduce Remble's sentence below 420 months after conducting the 18 U.S.C. § 3553(a) sentencing analysis. (*Id.* at 5738–5740.) The § 3553(a) assessment has not materially changed since 2019, as will be discussed further in the next subsection.

Remble's fifth argument concerned the converted drug weight calculation. He argued that the Court did not have the authority to sentence him for the 15 kilograms of cocaine base attributed to him in the Presentence Investigation Report because the jury convicted him only of distributing more than 50 grams of cocaine base. The Sixth Circuit has held that "[s]o long as the defendant receives a sentence at or below the statutory ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within that statutory range." *United States v. Reed*, 72 F.4th 174, 189 (6th Cir. 2023) (quoting *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008) (en banc)). Again, the statutory maximum penalty today for distribution of more than 28 grams of cocaine base is 40 years imprisonment under 21 U.S.C. § 841(b)(1)(B)(iii). The judicial factfinding at Remble's amended sentencing resulted in a sentence of 420 months, or 35 years, which was lower than the statutory maximum. Remble is not entitled to a further reduction of sentence.

Sixth, and last, Remble made passing references to his own "declining health condition" without identifying any ailments from which he suffers. (Doc. 1042 at PageID 6003.) The medical circumstances of a defendant can provide an extraordinary and compelling reason for a reduction of sentence in narrow circumstances. U.S.S.G. § 1B1.13(b)(1). Remble, however, did not explain how his health condition "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" nor in what respect he is not receiving the "specialized medical care" that he needs. U.S.S.G. § 1B1.13(b)(1)(B). His vague and unsupported assertion does not justify a reduction of his sentence.

In sum, none of Remble's arguments constitute an extraordinary and compelling basis to reduce his sentence.

**B.      18 U.S.C. § 3553(a) Sentencing Factors**

The § 3553(a) sentencing factors also do not warrant granting Remble a reduction in sentence. Then-Chief Judge Beckwith twice determined that a sentence of imprisonment at the longer end of the sentencing range was appropriate for Remble. (Docs. 608–610, 632.) This Court also has examined the § 3553(a) sentencing factors in two previous Orders, one issued in August 2021 and the other in March 2023, and determined that the 420-month sentence remained appropriate. (Doc. 1012 at PageID 5738–5741; Doc.1019 at PageID 5804–5806.) Remble pointed to no major changes that alter the previous analysis.

Beginning with § 3553(a)(1), Remble's history and characteristics support a sentence at the high end of the sentencing range. He is a repeat criminal offender. Prior to the offenses for which he is sentenced here, Remble was convicted of multiple robberies in which he used weapons, possession of crack cocaine, possession of weapon in a courthouse and making threats against a police officer, and possession of a firearm. (PSR at p. 16–18.) He was the leader and

9

organizer of the criminal activity for which more than 20 defendants were indicted in this case. (*Id.* at p. 5–11, 14.) He organized a multi-state drug distribution network and set up drug distribution cells in multiple cities in Ohio. (*Id.*) He also tried to obstruct justice during his pretrial detention in this case by offering to bribe one co-defendant to not cooperate and by physically threatening another defendant if he did testify. (*Id.* at p. 12–13.) He did not accept responsibility for the offense. (*Id.* at p. 14.)

In June 2021, Remble's appointed attorney offered a brief accounting of his personal and family history, based apparently on unsworn statements by his sister, his cousin, and a friend, to give context to his criminal history. Remble's mother abused alcohol and his father was a criminal who brought him along during two liquor store robberies when he was a child. Remble worked as a longshoreman as an adult when he was not incarcerated. He has three grown children and multiple grandchildren. He expressed a desire to help care for his then-ailing mother. (Doc. 1010 at PageID 5725–5726.) Some of these alleged facts were not in the initial PSR, but that likely is because Remble declined to be interviewed by the Probation Officer at the time of sentencing in 2006. (PSR at p. 20.) Even still, then-Chief Judge Beckwith was aware at the time of sentencing that Remble was close to his mother and that he had three children. (*Id.* at p. 21.)

Remble's conduct in prison has been mixed despite his claims of that he has been rehabilitated. He has completed his GED and taken other educational courses, and as of 2023, he was rated as low risk for recidivism under the Bureau of Prison's PATTERN assessment. (Doc. 1025 at PageID 5871–5872.) But he also has incurred several disciplinary sanctions, including for fighting in 2014, for possession of authorized items in 2019, and for possession of drugs or alcohol in 2020. (Doc. 998-1 at PageID 5693; Post-Sentencing Addendum to PSR at p. 4.)

Additionally, Remble made the troubling misrepresentation to the Court that he needed compassionate release to care for his mother after she had passed away. (Doc. 1039; Doc. 1045-1 at PageID 6023.) Taking these facts together, the Court finds that Remble's personal history and characteristics do not weigh in favor of a reduction in his sentence.

Next, the nature and circumstances of the offense weigh against reducing the 420-month sentence. Again, Remble organized a more than 20-defendant conspiracy to traffic drugs from California to Ohio. The relevant offense conduct involved at least 15 kilograms of crack cocaine and 1,116.38 grams of methamphetamine. Both drug amounts exceed the amounts for which the higher statutory minimum sentences are authorized by 21 U.S.C. § 841(b)(1)(A). Turning to the § 3553(a)(2) factors, a sentence at the highest end of the sentencing range reflects the seriousness of the offense and is a just punishment. It promotes respect for the law, a factor given more weight here since Remble tried to obstruct justice by witness tampering during his pretrial detention. The long sentence helps protect the public from further crimes given Remble's repeated criminal convictions beginning at the age of 16 in 1980 through the time of his arrest for this offense in 2005. Prior terms of imprisonment did not deter Remble from committing additional crimes. Even assuming Remble's risk of recidivism is low, this factor does not outweigh the other factors that tip the scales against a reduction in Remble's sentence.

Finally, and contrary to Remble's argument, the sentencing disparity between Remble and his co-defendants was warranted. His co-defendants were entitled to lower sentences in part because they pleaded guilty to Count 1. Conversely, Remble did not plead guilty nor accept responsibility for his offense. He was identified as the overall leader and organizer of the conspiracy for which he was found guilty. He obstructed justice by attempting to interfere with

11

the witnesses who were to testify against him. In sum, the Court concludes for the third time that the § 3553(a) factors do not support a compassionate release.

## IV. CONCLUSION

Because Remble did not establish either an extraordinary and compelling basis for a reduction in sentence or that the § 3553(a) sentencing factors support a reduction, Remble's third Motion for Compassionate Release (Doc. 1042) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge